ADDISON G. BRAGG, appellant, *vs.* WILLIAM FESSENDEN, appellee.

*Appeal from Lee.*

Whenever a party intends to appeal from the decision of a justice of the peace, and makes such an attempt at the execution of a bond, that the officer authorized to approve it accepts the bond, the appellant should not be prejudiced by reason of any informality or deficiency in the bond.

An agent, to execute a valid appeal bond, must be authorized by a power under seal; but if he execute a bond for his principal, without being authorized by a power under seal, a subsequent ratification of the bond by the principal, under seal, will cure the defect.

To execute an instrument under seal, the agent, to do so, must be authorized by a power under seal.

The facts involved in this suit are set out in the following agreed case:

" This was a judgment originally rendered by a justice of the peace, on 2d July, 1849, and appealed to the Circuit Court of Lee county, on the 21st day of July following. The appeal bond was executed in due form, signed as follows:

"ADDISON G. BRAGG, (SEAL,)
*by Robert C. Masters, his attorney in fact.*
"ROBERT C. MASTERS, (SEAL.")

On application of the defendant in the Court below, at April term, 1850, it was ordered that Masters should file his authority to sign the name of Bragg to the appeal bond. This authority was a letter, not under seal, requiring Masters to take the ap-

peal. That in November, 1849, Bragg executed and filed in the office of the clerk of the Circuit Court, a power of attorney, under seal, ratifying and confirming the act of Masters, in signing said bond and taking said appeal. The Circuit Court, on motion of the defendant, dismissed the appeal, for the reason that at the time the appeal bond was executed, Masters had not authority, under seal, to execute a bond in the name of Bragg. Cause heard before Sheldon, Judge.

GLOVER & COOK, for appellant.

THOMAS J. TURNER and E. S. LELAND, for appellee.

Opinion by Mr. Justice TRUMBULL:

Bragg, against whom a judgment had been entered by a justice of the peace, wrote his agent, requesting him to take an appeal to the Circuit Court; but the authority to take the appeal was not under seal. The agent, however, executed an appeal bond, in due form, affixing a seal to his principal's name. Subsequently Bragg ratified and confirmed the act of his agent, by the execution of a power of attorney under seal. The Circuit Court dismissed the appeal for want of a sufficient bond—it appearing that the power of attorney was not executed till more than twenty days from the time of taking the appeal. That the agent had no authority to execute a sealed instrument for his principal, at the time the bond was given, is clear; because to have been authorized to execute an instrument under seal, he must have had authority under seal. It has been insisted that Bragg's recognition of the act of his agent relates back to the time the bond was executed, and is equivalent to an original authority. Without stopping to inquire whether this be so or not, in this particular case, there can be no question that, under our statute, the Court erred in dismissing the appeal. Section sixty-five of the act concerning justices of the peace and constables, (R. S., 325,) declares: " If, upon the trial of any appeal, the bond required to be given shall be adjudged informal or otherwise insufficient, the party who shall have executed such bond shall in no wise be prejudiced by reason of such informality or insufficiency; *Provided*, he will, in a reasonable time, to be fixed by the Court, execute and file a good and sufficient bond." In this case it

69

was unnecessary to file a new bond; the one already filed having been made valid, by the ratification of the principal. That Bragg intended to take an appeal, is manifest; and whenever a party intends appealing, and makes such an attempt at the execution of a bond, that the officer authorized to approve it accepts the bond, it is not the design of the statute that the appellant should be prejudiced by reason of any informality or deficiency in the bond. The agent, by executing a bond for his principal, without sufficient authority, undoubtedly created a legal liability as against himself, and the appellee was not left wholly without a remedy upon the obligation.

The precise point under consideration has never before been raised in this Court; but cases analogous in principle have repeatedly been decided, and no doubt has been entertained that the statute was intended to cover all cases of this character. In the case of Dedman vs. Barber, 1 Scam., 255, the appeal bond was in the form adapted to an appeal from the Circuit to the Supreme Court, and admitted to be insufficient in the case of an appeal from a justice of the peace; yet this Court reversed the judgment of the Circuit Court dismissing the appeal and refusing the appellant leave to amend his bond. The Court say in their opinion, that the appellant, "by executing what was intended to be a good bond, with such security as was approved of by the clerk, did all that was required of him until the bond was pronounced insufficient by the Court." In the case of Waldo vs. Averett, 1 Scam., 487, the Court, in passing upon a bond which had been held insufficient by the Circuit Court, say: "If it is admitted that the bond was ever so defective, the Court nevertheless erred in dismissing the appeal; it ought to have allowed the motion of the appellants to file a good bond." In the case of Hubbard et al. vs. Freer, this Court held that an appeal bond which had been executed in the name of a firm, with one seal only, might be amended. But the case most analogous in principle to the one under consideration, is that of Hunter vs. Ladd, 1 Scam., 551. In that case an application was made to amend an attachment bond, which had no seals to the signatures of the obligors. The Circuit Court refused the leave, and this Court sustained that judgment, but it was upon the ground alone that the application to affix a seal to the bond was made by one of the obligors only; and, from the whole reasoning of the Court,

it is manifest that the decision would have been different had the application been made by all the obligors.

We think the bond in this case, under our statute and the construction which has heretofore been placed upon it, should have been held sufficient.

Judgment of the Circuit Court reversed, and cause remanded.

*Judgment reversed.*