Treat, C. J. This case does not differ in principle from that of Bragg v. Fessenden, 11 Ill., 544. There, an agent executed the appeal bond in the name of the appellant, without authority under seal for that purpose. Subsequently and after the expiration of the time allowed by law for talcing the appeal, the appellant executed a power of attorney confirming the act of the agent. This Court held that the bond was sufficient, and reversed the judgment of the Circuit Court dismissing the appeal. Here the agent had no authority under seal to execute the appeal bond, on behalf of the appellant. But, when the appellee moved to dismiss the appeal, because of the defective execution of the bond, the appellant entered a cross motion for leave to file a new bond, which the Court refused. The two cases are identical in principle. In both, the agents had no competent authority to bind their principals. In one, the appellant was permitted to perfect his appeal, by the ratification of the defective bond; in the other, he offered to perfect his appeal, by the filing of a sufficient bond in place of the defective one. If a party can prevent the dismissal of an appeal, by confirming a bond executed without authority, he certainly should be allowed to accomplish the same result, by giving a new and valid bond. The statute provides : “If, upon the trial of any appeal, the bond required to be given shall be adjudged informal or otherwise insufficient, the party who shall have executed such bond, shall in no wise be prejudiced by reason of such informality or insufficiency ; provided, he will, in a reasonable time, to be fixed by the Court, execute and file a good and sufficient bond.” R. S., eh. 59, § 65. According to the construction put upon this statute, in Bragg v. Fessenden, and the cases there cited, this case is clearly within its provisions; and the Circuit Court erred in not giving the appellant leave to file a new bond. The proper order would have been, that he should file the bond within a reasonable time—the day to be named in the order—and in default theréof, that the appeal should be dismissed. The judgment of the Circuit Court will be reversed, with costs, and the cause remanded for further proceedings. Judgment reversed.