THE TRUSTEES OF SCHOOLS FOR TOWNSHIP SIX, IN SOUTH RANGE SIX WEST, Appellants, v. CHARLES N. STARBIRD, Appellee.

13     49
112a   602

APPEAL FROM RANDOLPH.

Where a party by himself or his agent undertakes to appeal from the decision of a justice of the peace, and executes a bond which is accepted, the appeal shall be sustained, if he will supply any defect in the bond, when objection is made thereto.

THIS action was commenced by Starbird before a justice of the peace in Randolph county, upon which he recovered a judgment against the Trustees of Schools. One of the trustees took an appeal to the Circuit Court of Randolph county. A motion was made in the Circuit Court to dismiss the appeal for want of a sufficient bond, and also a motion to amend the appeal bond. The Circuit Court sustained the motion to dismiss, and entered judgment accordingly. From this judgment of the Circuit Court, the trustees took an appeal to this court.

The judgment of the Circuit Court was pronounced by Underwood, Judge, at September Term, 1850, of the Randolph Circuit Court.

G. KOERNER, for appellants.

S. BREESE, for appellee.

TREAT, C. J. Starbird recovered a judgment, before a justice of the peace, against the trustees of schools, of a township in Randolph county. An appeal bond was entered into by one of the trustees, and approved by the clerk of the Circuit Court. The court overruled an application by the trustees to amend the bond, and sustained a motion of the plaintiff to dismiss the appeal.

This case is not distinguishable from those of Bragg v. Fessenden, 11 Ill. 544, and Boosman v. Freeman, 12 Ill. 165. The principle is settled in those cases, that where a party, by himself or his agent, undertakes to appeal from the decision of a justice of the peace, and makes such an attempt at the execution of an appeal bond, that the proper officer accepts it, he

shall not be prejudiced by reason of any deficiency in the obligation, if he will, when objection is made, supply the defect. Here the bond was defective, because not executed by the corporation against which the judgment was rendered. It was, however, binding on the obligors personally, and the appellee was, consequently, not without a remedy. The trustee intended to take an appeal that would enable the corporation to have the case re-heard, and, for that purpose, executed a bond which was approved and accepted by the clerk. The court should have permitted the trustees to perfect this appeal, by the execution of a bond obligatory on the corporation.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*