Josiah S. Patty, Plaintiff in Error, *v.* Stephen Winchester, impleaded with Levi Gladfelter, Defendant in Error.

ERROR TO PEORIA COUNTY COURT.

On an appeal from a trial before a justice of the peace, as to the right of property, the appellant may amend his appeal bond in the appellate court, if he has in good faith attempted to execute a valid bond.

This was a proceeding commenced before a justice of the peace for the trial of the right of property, in which the plaintiff in error was claimant, and Winchester and Gladfelter were plaintiffs in the executions under which the property had been levied.

On the trial before the justice, the jury found the property did not belong to the plaintiff in error, and the justice rendered judgment against him for costs. The plaintiff in error, on the rendition of the verdict, gave notice that he should appeal to the County Court of Peoria county, and on the same day executed an appeal bond, with Smith as surety. The appeal bond was filed with the justice, and approved by him the same day. The papers were filed by the justice in the County Court, and summons issued to appellees, and returned served as to Winchester.

At the February term, A. D. 1858, of the Peoria County Court, Winchester entered a motion to dismiss the suit, for want of a sufficient appeal bond.

The plaintiff entered a motion for leave to amend the appeal bond forthwith. The court overruled the motion, and refused to allow the plaintiff in error to amend the bond.

The court then dismissed the suit.

The plaintiff now assigns the following errors on the record: The court below erred in refusing to allow the plaintiff in error to amend the appeal bond.

The court below erred in dismissing the cause.

H. GROVE, for plaintiff in error.

C. C. BONNEY, for defendant in error.

BREESE, J. This was a trial of the right of property before a justice of the peace in Peoria county, and a jury, the plaintiff in error being the claimant, and the defendants in error plaintiffs in execution.

The jury found against the claimant, and the justice rendered a judgment against him for the costs.

The claimant gave notice, on the coming in of the verdict, that he would appeal to the County Court, and on the same day executed an appeal bond, with security, which was filed with the justice and approved by him.

The papers were filed in the County Court, and the usual summons issued, which was served on Winchester only.

At the February term, 1858, of the County Court, the appellee entered his motion to dismiss the suit for want of a sufficient appeal bond, and appellant, at the same time, entered a cross-motion to amend the bond, which motion was denied, and the motion to dismiss allowed, and judgment for costs against the appellant, to all which he excepted.

The error assigned is, in refusing to allow the bond to be amended, and dismissing the suit.

The bond shown is a writing signed by the appellant and a surety, and is formal in all respects, save that it has no seal. Technically, this is no bond, yet it was approved by the magistrate as a bond, and returned by him to the Circuit Court with the other papers in the cause, and there filed.

This point has been already decided by this court in the case of *Hunter* v. *Ladd*, 1 Scam. R. 551, and the decision involves the principle in this case.

There, the parties to the bond had neglected, as in this case, to put seals to their signatures, and on being discovered, a motion being made to dismiss the cause for want of seals to the signatures, a cross motion was interposed by Hunter, the principal, to amend the bond by attaching a seal or scrawl to it. This was refused, and very properly, by the court, for the reason, that the court could not confer on Hunter the power to make or attach a seal to the signature of the surety to the bond. Such a seal would not be the seal of the co-obligor,

although so far as it regards Hunter, it might have been granted. Yet the court say, " if amended, it would not render the bond valid, because of the want of a seal to the signature of the co-obligor. As the application did not extend to the perfecting the bond in relation to the signature and seal of the co-obligor, the Municipal Court could not do otherwise than dismiss the suit."

Had the application extended to both the obligors, that they should have leave to amend, by placing their seals to the paper, it would have been allowed, and that is this case. The party here does not make the specific motion to add the seals, but to amend the bond, and this includes the power to both the obligors to put their respective seals to the paper filed as a bond, or to execute an entirely new bond.

But the point has been, if possible, more distinctly decided in the case of *Lea* v. *Vail*, 2 Scam. R. 473.

This was an attachment case, and the bond had no scrawls or seals, and on that account, although a motion was made to amend the bond, the suit was dismissed.

The court say, after reciting the act authorizing the amendment of the affidavit or bond in attachment cases, and which is the same, substantially, in relation to appeal bonds —" Under this statute, the amendment of the plaintiff's bond ought to have been allowed. The court erred in not permitting it."

So we say in this case. The party had executed a paper, which the magistrate accepted and filed as a bond; he made the attempt, in good faith, to execute a valid bond. As it was technically defective, his motion to amend should have been allowed.

In the case of *Waldo* v. *Averett*, 1 Scam. R. 487, the court say : " If it is admitted that the bond *was ever so defective*, the court, nevertheless, erred in dismissing the appeal ; it ought to have allowed the motion of the appellants to file a good bond."

See also the case of *Bragg* v.*Fessenden*, 11 Ill. R. 544 ; *Boorman* v. *Freeman*, 12 Ill. R. 165 ; *The Trustees of Schools, etc.*, v. *Starbird*, 13 Ill. R. 49.

These cases all show that in an honest attempt to give a bond, and a paper is signed which the officer accepts as a bond, the party shall not be prejudiced by a defective execution.

There can be no objection that the bond was taken by the justice, and not approved by the clerk of the Circuit Court within five days after its execution. The tenth section of chap. 91, R. S., 476, provides, " and in case of an appeal, the justice of the peace shall take the bond and transmit the same, with the other papers, to the clerk as aforesaid."

The twelfth section provides, " that all appeals from the judg-ments on the trial of the right of property, shall be demanded on the day of such trial, and bond entered into before the clerk of the Circuit Court within five days from such trial."

There is no necessary conflict in these laws. As in ordinary cases, so in these, the bond may be filed and approved by the justice of the peace, or by the clerk of the Circuit Court, or of the County Court to which the proceeding was removed by appeal under the 4th section of the act extending the jurisdic-tion of the County Court of Peoria county, (Laws of 1855, p. 194,) the provisions of our practice act extending to the County Court by this act.

But if there be a discrepancy, it is all reconciled by the act to amend chap. 91, approved Feb. 18, 1847, (Laws of 1847, p. 84,) which is as follows:

" Upon the trial before the Circuit Court of any appeal from the trial of the right of property, if the bond required to be given shall be adjudged informal, or otherwise insufficient, on account of its having been taken or approved by an unauthor-ized person, or otherwise, the party who shall have executed such bond shall be in no wise prejudiced by reason of such infor-mality or insufficiency: *Provided*, he will, in a reasonable time, to be fixed by the court, execute and file a good and sufficient bond."

The appellant's motion to amend the bond entitled him to the full benefit of this act also.

The judgment of the Circuit Court is reversed and the cause remanded.

*Judgment reversed.*