40    253
112a   1603

## ROBERT HINMAN

### *v.*

## MICHAEL KITTERMAN.

1. AMENDMENT *of appeal bond — on appeals from justices.* Under our statute allowing the amendment of appeal bonds given on appeals taken from justices of the peace, almost any attempt, made in good faith, to execute an appeal bond, requires the court to allow such amendments as will obviate the imperfections complained of.

2. SAME — *attaching revenue stamp.* So, even if it be necessary to attach a revenue stamp to the indorsement of the justice of his approval of an appeal bond, and it is understood not to be required, it is error to refuse to allow it to be attached, upon objection being made to the bond because of its absence.

APPEAL from the Circuit Court of Bureau county; the Hon. M. E. HOLLISTER, Judge, presiding.

This case is sufficiently stated in the opinion.

Messrs. FARWELL & HERRON, for the appellant.

Messrs. ECKELS & KYLE, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action brought originally before a justice of the peace, and removed to the Circuit Court of Bureau county by appeal. Appellee in that court entered a motion to dismiss the appeal, because the justice of the peace who approved the appeal bond, failed to attach a revenue stamp to his indorsement of the approval of the bond. Appellant entered a cross motion for leave to amend the bond by annexing a stamp; but the court overruled the cross motion and dismissed the appeal. To reverse that judgment appellant brings the case to this court by appeal, and assigns for error the overruling of his cross motion and the dismissal of his appeal.

Our statute regulating proceedings before justices of the peace, section 65, p. 325, R. S., declares, that if, on the trial of any appeal, the bond shall be adjudged informal or otherwise insufficient, the party executing the same shall be in no wise prejudiced by reason of such informality or insufficiency; provided he shall in a reasonable time, to be fixed by the court, execute and file a good and sufficient bond. In giving a construction to this provision, it has been held that almost any attempt, made in good faith, to execute an appeal bond, requires the court to allow such amendments as will obviate the imperfection. Even if a revenue stamp can be held necessary, and we learn that the treasury department of the government holds it is not, still the party executing the bond could not be prejudiced, if he should in a reasonable time, to be fixed by the court, remove the objection to the bond, by annexing the stamp. If it was an informality only, then it was his right under the

statute. If its absence rendered the bond insufficient then his right was the same. In this case appellant offered to remove the objection, and in doing so he brought himself within the provisions of the statute, and the court erred in overruling his motion and in dismissing his appeal. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*