SCHOOL DISTRICT No. 8, JEFFERSON COUNTY, v. ERSKIN.

ATTORNEY IN FACT — *to execute appeal bond.* If authority is given by statute to the president of a school district to execute an appeal bond on behalf of the district, the district may nevertheless confer the same authority upon its secretary. A party may have several agents appointed to do the same thing.

APPEAL BOND *may be amended.* If, on appeal from a justice of the peace, the bond was executed by the secretary of the district in good faith, but without authority from the district, it was amendable. The statute (Rev. Stat. ch. 50, § 45, 407) on this subject applies to every case in which an honest effort is made to appeal the cause.

*Appeal from District Court, Jefferson County.*

Mr. A. H. DE FRANCE, for appellant.

No appearance for appellee.

HALLETT, C. J.    Appellee brought suit against the school district before a justice of the peace, and recovered judgment, from which the latter appealed to the district court, and filed a bond, to which the name of the district was signed by the secretary thereof.

In the district court, appellee moved to dismiss the appeal upon the ground that the bond was not executed by appellant, which motion was allowed, and a motion by appellant for leave to file a good and sufficient bond was denied.

The school law (Rev. Stat. 580) provides as follows : " The president shall appear in behalf of his district in all suits brought by or against the same, but when he is individually a party this duty shall be performed by the secretary ; " and probably it was thought that this conferred upon the president alone power to execute an appeal bond in behalf of the district, and that such power could not be exercised by any other person.

Under the law, school districts are simple democracies in which educational matters are managed by the electors themselves, or by a district board composed of the president, secretary and treasurer, if the electors shall so declare. With such an organization it is convenient, if not necessary, to clothe an officer with power to conduct all legal proceedings on behalf of the district, and it is reasonable to presume that the section recited was intended to supply this want. It will be observed that the president is to appear on behalf of the district, that is, as the agent of the district and obviously for the purpose of protecting the interest of his principal.    While the president is thus made the agent of the district to attend to its legal controversies, we do not discover in the act any limitation upon the power of the district to act through other agencies.    The appointment of the presi-

dent is made to serve the convenience and to protect the interests of the district and not to circumscribe its powers in the matter of choosing its agents. If it be granted that the president has power to appear in behalf of and conduct the causes of the district, *non constat*, that such authority is not possessed by any other person, for a principal may have several agents appointed to do the same thing. The authority of the secretary to execute the appeal bond in this case was denied upon the ground, that such authority could not be conferred upon him, which is not tenable. If he had authority to execute the bond it was binding upon the district, and before appellee could call upon the court to dismiss the appeal, the absence of authority in the secretary must have been shown at least *prima facie*. In some courts a rule obtains which requires that evidence of the authority under which an agent acts shall be filed with the instrument executed by him, but, in the absence of any such rule, courts will not assume that an agent has acted without authority from the principal until a showing is made.

Upon proper application the district court would doubtless require appellant to exhibit the authority under which the secretary acted, or the want of such authority may be shown by affidavit.

But if the bond was executed in good faith it was amendable even if the secretary had no authority from the district to sign it. The statute upon this subject is very liberal, and it applies to every case in which an honest effort is made to appeal the cause. *Patty* v. *Winchester*, 20 Ill. 261.

The judgment is reversed with costs, and the cause is remanded with directions to the district court to permit appellant to file a new bond, according to the prayer of its motion.

*Reversed.*