JOHN O'DEA, PLAINTIFF IN ERROR, v. WASHINGTON COUN-
TY, DEFENDANT IN ERROR.

**Appeal Bond.** Steps taken by filing an appeal bond to obtain a review of an
award made by appraisers, of damages on account of the laying out of a
public highway, is a *proceeding* in an action, and clearly within the statu-
tory meaning of that term; and if such bond be found to be defective it
may be amended in the appellate court, by consent of sureties, or a new
bond may be filed.

THIS was a petition in error brought to reverse the
judgment of the district court of Washington county.
The case is fully stated in the opinion of the court.

*Carrigan & Osborn*, for plaintiff in error.

I.   The bond was defective in not having two sureties.
Was this an error prejudicial to the defendant? Section
145 of the civil code provides that "the court, in *every
stage of an action*, must disregard any error or *defect* in
the pleadings or proceedings, which does not affect the
substantial rights of the adverse party." *General Stat-
utes*, 546. In this bond the surety was sufficient for fifty
times the amount of the penalty, and the defendant could
not have suffered by reason of want of another name
thereon.

1.   The law requires the bond to be approved by the
county commissioners, and this approval was a judicial
act, the legality and propriety of which cannot be attacked
in a collateral proceeding.

2.   The county commissioners are the agents of the
county, and as such agents, their approval estopped the
county from taking advantage of the defect in the bond
which they had approved.

II.   The court should have permitted the amendment
requested by plaintiff.

1.   An appeal bond is a proceeding within the mean-

ing of section 144 of the code, above quoted. *Irwin v. Bank of Bellfontaine*, 6 *Ohio State*, 81.

2. An appeal bond may be amended with the consent of the sureties. *Wilson v. Allen*, 3 *Howard's Practice Rep.*, 369.

III. In view of reason and authority we insist:

1. That after the approval of the bond by the commissioners, while in session, they could not afterwards take advantage of the defects.

2. That the defects were not prejudicial to the defendant.

3. That the court should in furtherance of justice, have permitted the plaintiff to amend his bond to comply with the law.

*M. Ballard*, for defendant in error:

I. Section twenty-four, General Statutes, 956, says, "the bond shall be signed by two or more good and sufficient sureties, in such sum as shall be approved by the county commissioners." The law defines the *number* of sureties, but leaves the *sum only* to the discretion and approval of the county commissioners. The commissioners do not by statute approve as to the number of sureties.

II. If the county commissioners have the power to approve a bond with only one surety, they have the same power to approve a bond with no surety whatever; hence the people of a county are not liable for the personal misconduct or negligence of the county commissioners in the performance of their official functions. *The Board of Commissioners of Hamilton County v. Mighels*, 7 *Ohio State*, 109. *The Commissioners of Gallia County v. Holcomb*, 7 *Ohio*, 232. *Board of Chosen Freeholders of Sussex County v. Strader*, 3 *Harr.*, (*New Jersey*), 108. *Hedges v. The County of Madison*, 1 *Gilman*, 567.

III. Can we infer that the bond being given with only one surety, was a mere mistake, a clerical error? Not so, for the record in this case, and the argument of plaintiff seems to show that the one surety or more was purposely and intentionally left off the bond. When the defect in the proceeding is so gross, or is committed under such circumstances as to indicate that the defect itself was designed, and not simply a mistake, a court will refuse permission to amend, because no mistake has in fact been made. *Irwin v. Bank of Bellfontaine*, 6 *Ohio State*, 81.

LAKE, CH. J.

This case presents but a single question for our determination.

It appears that a public highway was laid out across the plaintiff's land, and appraisers appointed to assess his damages as provided in section twenty-four, chapter sixty-seven, of the General Statutes. From the award made by these appraisers the plaintiff appealed to the district court, and to perfect the same, executed a bond to the state in the sum of five hundred dollars, which bond conforms strictly with the provisions of the statute, save that there is but a single surety, while at least two are required. For this defect the defendant moved to quash the appeal, and the plaintiff asked permission to remedy the omission by an amendment of the bond so as to comply fully with the letter of the statute. The motion to amend was denied and the appeal quashed. This is the ground of the alleged error.

It is not pretended that the present surety is not abundantly responsible for the amount of the penalty of this bond, nor is his liability thereon at all questioned, but the sole objection urged against it is a technical one,

that the statute requires it to be "signed by two or more."

The supreme court of Ohio, in the case of *Irwin and others v. The Bank of Bellfontaine*, 6 *Ohio State*, 81, which we conceive to be strikingly analagous to this, held that an amendment should be permitted. This decision was made under the code of Ohio, then but recently adopted in that state, wherein the provision as to amendments was substantially the same as that found in our own.

Section 144 of our code of .civil procedure provides that "the court may before judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of the party, or by correcting a mistake in the name of the party, or a mistake in any other respect. * * * And whenever any proceeding taken by a party fails to conform in any respect to the provisions of this code, the court may permit the same to be made conformable thereto by amendment." And the section following is in these words : "Sec. 145. The court in every stage of an action *must* disregard any error or defect in the pleadings or proceedings, which does not effect the substantial rights of the adverse party."

In construing these provisions, Mr. Justice Swan, in the case above cited, uses this language :

"Is the filing of an appeal bond a *proceeding ?* The word is generally applicable to any step taken by a suitor to obtain the interposition or action of a court. Steps taken, by which the judgment of a court is vacated, and the case taken to, and the appearance of parties effected in another tribunal is a proceeding, and a very important one, in the progress of a civil action. It is as clearly a proceeding by which a suitor takes steps to prosecute his action, or defense, in an appellate court, as is the suing out of process at the commencement of an action, or the

filing of a petition in error with process served. Besides, the term *proceeding* is used in the section of the code referred to, to distinguish all other steps taken in an action, from those embraced in the word *pleading.*"

We believe that this construction of the term "proceeding" as here used is in full accord with the liberal spirit in which our code was framed, and which seems to pervade it throughout; and we feel fully warranted in applying that familiar rule of construction by which courts are usually governed when considering statutes which have been borrowed from a sister state, and in accordance therewith, presuming that in the adoption of these provisions from the code of Ohio, it was the intention of the legislature, to take also the construction which had been given to them by the courts of that state.

We conclude therefore, that the giving of this bond, it being one of the necessary steps required to be taken to obtain a review of the judgment of the appraisers, on the question of damages, in the district court, is a "*proceeding*" and clearly within the statutory meaning of that term, and if found to be defective, may be amended upon such terms as are just and proper.

It may be urged however that the question of amendment in a case like this is a matter exclusively within the discretion of the district court. To a certain extent this is doubtless true. So long as it is apparent that the exercise of such discretion is not unreasonable, and has due regard to the substantial rights of all parties affected thereby, this court should not presume to interfere. But when it is clear that there must have been a radical misapprehension of the true spirit and scope of the statute under consideration, and in consequence thereof a suitor is deprived of a substantial right, possibly to his great pecuniary injury, it is most unquestionably our duty to interpose and grant him suitable relief.

In holding as we do, we have the support of the decis-

ions, not only of the courts of the state whence our code was derived, but of those also of Illinois and Iowa, under statutes, which although not identical in terms, yet in reality, are no more liberal than our own. *Boorman v. Freeman*, 12 *Ill.*, 165. *Mitchell v. Goff*, 18 *Iowa*, 424.

The plaintiff must be permitted within a reasonable time, with the assent of the present surety, to amend his bond now on file; or he may give a new bond in the sum of five hundred dollars with at least two good and sufficient sureties to be approved by the clerk of the district court.

The judgment of the court below is reversed and the cause remanded with instructions to proceed in conformity with this opinion.

JUSTICES MAXWELL and GANTT, concurring, judgment accordingly.

REVERSED AND REMANDED.