Wilson v. Macklin.

SAMUEL E. WILSON, PLAINTIFF IN ERROR, v. HARVEY MACKLIN, DEFENDANT IN ERROR.

1. **Practice:** REPLEVIN: AFFIDAVIT. Filing an affidavit in an action of replevin is a proceeding. The term *proceeding* is used in the code of civil procedure to distinguish all other steps taken in an action from those embraced in the word *pleading.*

2. ——: ——: ——. In replevin, the statute requires the affiant to swear that the goods and chattels claimed were not taken in execution on any order or judgment against the plaintiff. The affiant is not to determine the validity of the judgment, and cannot in *that* proceeding question its correctness.

3. ——: ——: ——. When the affidavit is defective, it is the duty of the court, even after a motion to dismiss on that ground is filed, to permit it to be amended.

4. ——: RIGHTS OF SUITOR; AMENDMENT OF PLEADINGS. If a suitor has been deprived of a substantial right, by the refusal of the court to permit an amendment, the supreme court, in a proper case, will grant him relief.

5. ——: ——: ——. The application to amend, however, should be made before the cause is dismissed. The better practice is, to make the order conditional, that, in case of failure to amend in time, and on the terms prescribed, the action be dismissed.

ERROR to the district court for Saline county. The facts appear in the opinion.

*M. H. Sessions,* for plaintiff in error, cited *Frink v. Flanagan,* 1 Gilm., 35. *Cutler v. Rathbone,* 1 Hill, 204. *Adams v. Hubbard,* 30 Mich., 104. *Williams v. West,* 2 Ohio State, 82. *Grace v Mitchell,* 31 Wis., 533. *Wise v. Withers,* 3 Cranch, 331. *Elliott v. Piersol,* 1 Pet., 340. *Grumond v. Raymond,* 1 Conn., 46. *Gould v. Scannell,* 13 Cal., 430. *Warner v. Hunt,* 30 Wis., 200. *Black v. Winterstein,* 6 Neb., 224.

*Hastings v. McGintie,* for defendant in error, cited Gen. Stat., 552. *Bilbo v. Henderson,* 21 Iowa, 56. *Booth v. Ableman,* 16 Wis., 460. *Macklot v. City of Davenport,* 17 Iowa, 379. *Carney v. Doyle,* 14 Wis., 270. *Reynolds v. Sallee,* 2 B. Monroe, 8. *Saffel v. Wash,* 4 B. Monroe, 92. *Cromwell v. Owings,* 7 Harris & Johnson, 55. *Wiley v. Kelsey,* 9 Ga., 117. *Bridges v. Nicholson,* 20 Ga., 90. *Hamson v. Weare,* 4 Iowa, 13. *Billings v. Russell,* 23 Penn. State, 189. *Moore v. Robinson,* 6 Ohio State, 302. *Simpson v. Hart,* 1 Johnson's N. Y. Ch., 91. *Wesson v. Chamberlain,* 3 Comstock, 331. *Cochran v. Loring,* 17 Ohio State, 409. *Newman v. City of Cincinnati,* 18 Ohio, 323. *Buell v. Cross,* 4 Ohio, 330. *Goss v. McClaren,* 17 Texas, 107.

MAXWELL, J.

This an action of replevin. The plaintiff filed an affidavit in the court below describing certain personal property, and alleging " that the said plaintiff is the owner of the said goods and chattels, and entitled to the immediate possession of the same; and that said goods and chattels are wrongfully detained from him by defendant, and that the said goods and chattels were not taken in execution on any order or judgment against

said plaintiff, *but were taken by execution issued against plaintiff on void judgment*, or for the payment of any tax, fine, or amercement assessed against him, or by virtue of any order of delivery—issued under chapter two or eleven of the code of civil procedure."

The defendant moved to dismiss the case on the ·ground that there was not a sufficient affidavit filed as required by the statute. The motion was sustained, and leave ·given to the defendant to prove ·the value of the property taken under the writ. Afterwards the plaintiff filed a motion to amend the affidavit, which was overruled, to which the plaintiff excepted. The parties then entered into an agreement as follows:

"It is agreed by and between said parties to said action, that a jury shall be waived to assess the damages of said defendant, ·and that a return of the property mentioned in said plaintiff's affidavit. for replevin cannot be had, and that the damages of said defendant is seventy-five dollars and ninety-nine cents."

Judgment was rendered against the plaintiff for the sum of $75.99 as provided in the agreement, to reverse which the plaintiff brings the cause into this court by petition in error.

Filing an affidavit in an action of replevin is a *proceeding*. The term proceeding is used in the code of civil procedure to distinguish all other steps taken in an action from those embraced in the word *pleading*. *O'Dea v. Washington County*, 3 Neb., 122. *Johnson v. Jones*, 2 Neb., 137.

The affidavit in the case at bar is clearly defective. The statute requires the affiant to swear that the goods and chattels were *not taken in execution on any order or judgment against the plaintiff*. The affiant is not to determine the validity of the judgment, and cannot in *that* proceeding question its correctness. When the affidavit is defective, it is the duty of the court, even after

Wilson v. Macklin.

a motion to dismiss on that ground has been filed, to permit it to be amended.

It is claimed by the defendants, that the question of amendment is exclusively within the discretion of the district court, and therefore cannot be reviewed by this court.

In *O'Dea v. Washington County, supra*, the court say: " When it is clear that there must have been a radical misapprehension of the true spirit, and scope of the statute under consideration, and in consequence thereof a suitor is deprived of a substantial right, possibly to his great pecuniary injury, it is most unquestionably our duty to interpose, and grant him suitable relief." *Mills v. Miller*, 3 Neb., 95.

The application to amend, however, should be made before the cause is dismissed. The better practice is, to make the order conditional, that, in case of failure to amend in the time and upon the terms prescribed, the action be dismissed.

As the plaintiff made no attempt to amend until the action had been dismissed, the court did not err in overruling the application. The stipulation entered into by the parties is a waiver of all errors. It is agreed that the property described in the affidavit cannot be returned, and that the damages sustained by the defendant are seventy-five dollars and ninety-nine cents. This is decisive of the case. The judgment is clearly right and must be affirmed.

JUDGMENT AFFIRMED.