THE STATE OF NEBRASKA, EX REL. REDMOND CLEARY, v. CALVIN RUSSELL.

1. **Stay of Execution:** BOND MAY BE AMENDED. The filing of a stay bond under the provisions of section 477c of the civil code is such a proceeding as is referred to in the last clause of section 144 of the code, and such bond may be amended.

2. ———: ———. Where a judgment debtor has in good faith, and within the time provided by law, filed a bond for stay of execution, and which bond has been approved by the proper approving officer, notice of such approval being given such debtor; and where it is afterwards ascertained that such bond fails to conform to the requirements of law, and upon application being made upon notice or leave to amend, and such leave being granted by the court, and the defective bond being amended, such amended bond, upon an application for a mandamus to compel the issuance of an execution will be held good, and a writ of mandamus denied.

ORIGINAL application for mandamus.

*E. H. Wooley,* for relators.

*Beeson & Sullivan,* for respondent.

REESE, J.

This is an application to this court in the exercise of its original jurisdiction for a writ of mandamus to the respondent, who is the county judge of Cass county, requiring him to issue an execution upon a judgment in the county court. From the record in the case the following facts appear:

On the 26th day of September, 1884, Redmond Cleary & Co. recovered a judgment by confession in said county court against John M. Carter and William Barbour for the sum of $271.22. On the second day of October, and within the time required by law, the defendants filed a bond for stay of execution, which was approved by respondent. This bond was in due form, and in all things complied with the requirements of law, with the exception that it was signed only by one surety instead of by two, as required by section 477c of the civil code. On the 18th day of the same month, twenty days having expired, the judgment plaintiff appeared and demanded the issuance of an execution notwithstanding the stay bond, upon the ground that there was but one surety. Execution was accordingly issued and delivered to the proper officer. On the 20th day of October the judgment defendants appeared and moved the court for leave to amend the stay bond by procuring additional signers, thereby correcting the irregularity or defect in the bond. The hearing of the motion for leave to amend was fixed for the 23d day of October, and notice thereof was given the judgment plaintiff. On the day set for hearing the motion both parties

appeared.   The surety who had signed the bond filed his consent to the amendment of the stay bond by the addition of other sureties, and agreeing still to be bound thereby.   The record recites, that " after hearing the argument of counsel the court decided to sustain said motion, to which ruling plaintiff excepts; whereupon said bond was amended by the signing of the same by other persons, which bond, after being signed by J. M. Carter, W. M. Barbour, and Wilbourne L. Barrett, was approved by the court."

The question presented is, whether or not the county court had authority to permit the amendment of the stay bond after the expiration of twenty days from the rendition of the judgment, and whether the bond as amended is void.   We think it is clear that the county court possessed the authority, and that the amended bond is valid, not only as a common law obligation, but as a statutory undertaking. The question of good faith does not enter into this case. The judgment defendants and the county judge appear to have acted in the best of faith throughout, and the omission was caused only by a misapprehension of the law.

Since the decision of this court in *O'Dea v. Washington County*, 3 Neb., 118, it would seem that the question as to whether the execution, approving, and filing of a bond or undertaking in the progress of an action, at any stage of the case, is a " proceeding" under the provisions of section 144 of the civil code, is virtually at rest.   That section is as follows:   · "The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved.   And whenever any

proceeding taken by a party fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment." If it is true, as said in *O'Dea v. Washington County, supra,* that the construction of the term "proceeding" as given in *Irwin v. Bank,* 6 Ohio State, 81, "is in full accord with the liberal spirit in which our code was framed and which seems to pervade it throughout," then it would seem that the mere citation of the section above quoted, and the decisions above referred to, should be sufficient. One of the great purposes to be accomplished by the code is the breaking down of the technical rules of the common law, by which rights, however important, were sacrificed by the failure of a "proceeding taken by a party" to conform to the provisions and requirements of law. The section above quoted is sweeping in its terms. "Whenever *any* proceeding taken fails to conform, *in any respect,* to the provisions of this code, the court may permit the same to be made conformable thereto by amendment."

Section one of the code provides that "The rule of the common law that statutes in derogation thereof are to be strictly construed has no application to this code. Its provisions and all proceedings under it shall be liberally construed with a view to promote its object and assist the parties in obtaining justice."

The code gives to all judgment debtors the right to obtain a stay of execution and prevent the sacrifice of their property by adopting the proceedings provided by the code for that purpose. If the proceeding fails "*in any respect*" to conform to the provisions of the code, the court may permit it to be amended. Section 144, *supra.* This the court did after full notice to, and appearance by, all the parties to the action. Its action was in accordance with both the letter and spirit of the code, and was correct. The judgment debtor, having complied with the law, is entitled to the stay of execution. The respondent had no author-

ity to issue an execution after the amendment of the stay bond, and was correct in his refusal so to do.   The writ of mandamus must therefore be denied.

WRIT DENIED.

THE other judges concur.