## Nick Yannoulakis, v. Louis Sinopuolo, alias Louis Candos.

## Harry Rosenberg, Defendant in Error, v. Nick Yannoulakis, Plaintiff in Error.

1.  ATTACHMENT, § 113*—*how statute construed as to right to amend affidavit, bond and proceedings.* Section 28 of the Attachment Act (J. & A. ¶ 519), providing that no "writ of attachment shall be quashed, nor the property taken thereon restored, nor any garnishee discharged, nor any bond by him canceled, nor any rule entered against the sheriff discharged, on account of any insufficiency of the original affidavit, writ of attachment or attachment bond, if the plaintiff, or some credible person for him, shall cause a legal and sufficient affidavit or attachment bond to be filed, or the writ to be amended, in such time and manner as the court shall direct; and in that event the cause shall proceed as if such proceedings had originally been sufficient," must be liberally construed as to the right to amend the affidavit, bond and other proceedings in an attachment suit.

2.  ATTACHMENT, § 113*—*when amendment of bond should be allowed.* Where there is sufficient set forth in an attachment bond to show that it was filed in connection with the particular attachment proceedings, the fact that the condition of the bond erroneously recites that plaintiff had on the date of the bond prayed an attachment, etc., at a suit of a third person, such error is not fatal, and an amendment of the bond should be permitted under section 28 of the Attachment Act (J. & A. ¶ 519), relating to amendments in attachment proceedings.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed April 5, 1918.

H. F. KNOX, for plaintiff in error.

MOSES PULVERMAN, for defendant in error.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

On August 31, 1916, plaintiff in error, hereafter for convenience called plaintiff, filed in the Circuit Court of Franklin county an affidavit in attachment against the estate of defendant in error, Louis Sinopuolo, *alias* Louis Candos, hereinafter called defendant, and with said affidavit filed an attachment bond. Thereafter, on September 1st, a writ of attachment was issued by the clerk of said court and was by the sheriff levied on a strip of ground described as 30 feet in width off of the west side of Lot number 1 in Block 17, original plat of the Village (now City) of West Frankfort, Illinois, and was filed for record in the recorder's office of said county on the 2nd day of September, 1916. Notice of said attachment was given by the clerk by publication. A declaration was filed in said cause and at the November term, 1916, of said court said defendant was defaulted and judgment was rendered against him for $296.34. A special execution was issued and levied on said real estate and the same was advertised to be sold to satisfy said judgment. Thereafter, on January 11, 1917, defendant in error, Harry Rosenberg, filed an intervening petition setting forth that on September 8, 1916, he became the owner of said described premises in fee simple by means of a warranty deed from Louis Candos, and averring that the affidavit for attachment and the bond filed in said cause were wholly void and insufficient to support said writ of attachment and levy; that the purported service by publication

on defendant, Louis Sinopuolo, *alias* Louis Candos, was wholly void and that the judgment rendered in said cause on December 21, 1916, was wholly void. Said petitioner further averred that he had no knowledge or notice of the purported attachment proceeding and the judgment rendered thereon; that the first notice he obtained of said proceeding was the notice given by the sheriff advertising the sale of said premises to satisfy said judgment, and prays for an order opening up said judgment and for stay of proceedings for the sale of said premises and that petitioner be decreed to have a superior right in said premises to plaintiff, the attaching creditor, and that said property be released and said attachment quashed. A demurrer to said petition being overruled by the court, plaintiff elected to stand by his demurrer and made a motion for leave to amend the bond, affidavit, levy of attachment and publisher's certificate in said attachment proceedings. On consideration of said motion the court gave leave to amend the affidavit and certificate of publication and said amendments were made, but the court refused leave to amend the bond and held the same to be null and void and insufficient to support said writ of attachment and levy made thereunder. The court also found that the interpleading petitioner was at the time of filing of said petition and since the owner in fee simple of said premises, and ordered that in so far as the rights of said intervening petitioner were concerned the judgment be vacated, and the property attached be released, and that the writ of attachment be quashed and all proceedings had thereunder be vacated and set aside. To said ruling defendant in error duly excepted and prosecutes this writ of error to reverse said judgment.

The only question necessary for us to determine raised by the assignment of errors is as to whether or not the court, in refusing to permit plaintiff to amend said attachment bond and in vacating and set-

ting aside the judgment rendered in said attachment proceeding and in holding the same null and void, erred.

Section 28 of the Attachment Statute, being section 28, of chapter 11, of Jones & Addington's Statute, provides: "No writ of attachment shall be quashed, nor the property taken thereon restored, nor any garnishee discharged, nor any bond by him canceled, nor any rule entered against the sheriff discharged, on account of any insufficiency of the original affidavit, writ of attachment or attachment bond, if the plaintiff, or some credible person for him, shall cause a legal and sufficient affidavit or attachment bond to be filed, or the writ to be amended, in such time and manner as the court shall direct; and in that event the cause shall proceed as if such proceedings had originally been sufficient."

The objections raised by defendant in error, Harry Rosenberg, to said bond are, first, that the bond is dated July 5, 1916, and that it appears that the surety, August M. Eggmann, signed the same on said date; and second, for the alleged reason that the condition of the bond shows it to have been given in another case. We have examined the bond and are of the opinion that from its recitations and conditions it sufficiently appears that it was filed in connection with the affidavit in said proceeding and that it is at most an informal or insufficient bond and not a wholly void bond. Said bond recites among other things that plaintiff with August M. Eggmann, of the City of East St. Louis, and Nick Matalas, of the City of West Frankfort, are held and firmly bound unto Louis Sinopuolo in the sum of $600 lawful money of the United States. The condition of the said bond recites, "that, whereas, the above bounden, Nick Yannoulakis, hath on the date hereof prayed an attachment out of the Circuit Court of the County of Franklin aforesaid, at the suit of Harvey F. Knox, against the estate of the

above-named Louis Sinopuolo for the sum of $300, and the same being about to be sued out of said court returnable on the 27th day of November, A. D. 1916, to the term of said court then to be holden: Now, if the said Nick Yannoulakis shall prosecute his suit with effect, or, in case of failure therein, shall well and truly pay and satisfy the said Louis Sinopuolo all costs in said suit, and such damages as shall be awarded against the said Nick Yannoulakis, his heirs, executors and administrators in any suit or suits which may hereafter be brought for wrongfully suing out said attachment, then the above obligation to be void, otherwise to remain in full force and effect.'' Said bond' was approved by the clerk of said court on the 31st day of August, 1916.

While the condition of said bond erroneously recites that plaintiff had on the date of said bond prayed an attachment, etc., ''at the suit of Harvey F. Knox,'' still there is sufficient in said condition and its recitals to show that said attachment proceeding was brought by plaintiff and was being prosecuted for his benefit.

The Supreme Court in considering the above section of the statute has held that the right to amend the affidavit, bond and other proceedings in an attachment suit should be liberally construed. In *Schmitt v. Devine*, 164 Ill. 537, the court at page 540, in passing on the objection made to an attachment bond, says: ''The objection made to the bond is, that it is conditioned for the payment of damages arising out of the issuance of a writ returnable on the first Monday of January, 1894, while the writ issued in the cause was returnable on the first Monday of January, 1895. In all other respects the bond complied with the requirements of the statute, and it was filed and approved by the clerk of the court who issued the writ. The bond was defective, but it was amendable in the Superior Court, and being amendable it was not void, and although defective the defect did not deprive the court of jurisdiction to render the judgment.''

In the case of *Patty v. Winchester,* 20 Ill. 261, the court, in passing on an objection to an appeal bond filed on an appeal taken from a justice of the peace on the trial of rights of property, at page 262 says: "The papers were filed in the County Court, and the usual summons issued, which was served on Winchester only. At the February term, 1858, of the County Court, the appellee entered his motion to dismiss the suit for want of a sufficient appeal bond, and appellant, at the same time, entered a cross motion to amend the bond, which motion was denied, and the motion to dismiss allowed, and judgment for costs against the appellant, to all which he excepted. The error assigned is, in refusing to allow the bond to be amended, and dismissing the suit. The bond shown is a writing signed by the appellant and a surety, and is formal in all respects, save that it has no seal. Technically, this is no bond, yet it was approved by the magistrate as a bond, and returned by him to the Circuit Court with the other papers in the cause, and there filed.  *  *  *  The party had executed a paper, which the magistrate accepted and filed as a bond; he made the attempt, in good faith, to execute a valid bond. As it was technically defective, his motion to amend should have been allowed. In the case of *Waldo v. Averett,* 2 Ill. (1 Scam.) 487, the court say: 'If it is admitted that the bond was ever so defective, the court, nevertheless, erred in dismissing the appeal; it ought to have allowed the motion of the appellants to file a good bond.' See also the case of *Bragg v. Fessenden,* 11 Ill. 544; *Boorman v. Freeman,* 12 Ill. 165; *Trustees of Schools v. Starbird,* 13 Ill. 49. These cases all show that in an honest attempt to give a bond, and a paper is signed which the officer accepts as a bond, the party shall not be prejudiced by a defective execution."

In *Hinman v. Kitterman,* 40 Ill. 253, the court, in discussing the statute with reference to appeals from

justices of the peace, at page 254 says: "Our statute regulating proceedings before justices of the peace, section 65, p. 325, Rev. St. declares that if, on the trial of any appeal, the bond shall be adjudged informal or otherwise insufficient, the party executing the same shall be in no wise prejudiced by reason of such informality or insufficiency; provided he shall in a reasonable time, to be fixed by the court, execute and file a good and sufficient bond. In giving a construction to this provision, it has been held that almost any attempt, made in good faith, to execute an appeal bond, requires the court to allow such amendments as will obviate the imperfection. * * * In this case appellant offered to remove the objection, and in doing so he brought himself within the provisions of the statute, and the court erred in overruling his motion and in dismissing his appeal."

The statute construed by the court in *Hinman v. Kitterman, supra,* with reference to the effect of failing to file a sufficient bond in an appeal from a justice of the peace, is very similar to the section of the statute above quoted in reference to the effect of filing a defective or insufficient bond in an attachment proceeding, and we think the same construction should be applied with reference to the right to amend or to file a new bond under section 28 of the Attachment Statute (J. & A. ¶ 519) as is given by the Supreme Court to the statute in reference to defective or insufficient appeal bond in appeals from a justice of the peace. We therefore hold that the court erred in failing to allow plaintiff to amend his appeal bond. There was sufficient set forth in the bond to show that it was filed in connection with the attachment proceedings brought by plaintiff against defendant, Louis Sinopuolo, *alias* Louis Candos, and the filing of the certificate of levy in the recorder's office as provided by statute was notice to the defendant Rosenberg of said attachment proceeding and of the lien of the plaintiff

as an attaching creditor against the premises in question.

Other errors were assigned on the record, but in view of what we have already said it will be unnecessary for us to pass on the same.

For the reason above set forth the judgment of the trial court will be reversed and the said cause will be remanded.

*Reversed and remanded.*