## Case No. 3,954.

### DODGE v. PERKINS.

[4 Mason, 435.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1827.

JURISDICTION OF FEDERAL COURTS — CITIZENSHIP —HOW SHOWN—PLEADING—CITIZENSHIP OF ADMINISTRATOR.

1. In all bills in equity in the courts of the United States, the citizenship should appear on the face of the bill, to entitle the court to take jurisdiction, otherwise the bill will be dismissed.

2. If the citizenship be properly averred, and the defendant means to deny the fact of citizenship, he must take the exception by way of plea, and cannot do it by general answer, for it is a preliminary inquiry.

[Approved in Wood v. Mann, Case No. 17,-952. Cited in Adams v. White, Id. 68; Bland v. Fleeman, 29 Fed. 672.]

3. Where the real parties in the record are not citizens of different states, the court has no jurisdiction.

4. Where an administrator sues, as such, and he is a citizen of the same state as the defendant, the court has no jurisdiction, although the intestate was a citizen of another state. An administrator is, in such case, the real, and not a nominal party.

[Cited in Clarke v. Matthewson, Case No. 2,857; Grover & B. Sewing Mach. Co. v. Florence Sewing Mach. Co., 18 Wall. (85 U. S.) 586.]

Bill in equity for an account.

The bill, after the usual address to the court, proceeded as follows: "Humbly showeth your orator, John Dodge, executor of the last will and testament of Unite Dodge, of New York, in the state of New York, merchant, and a citizen of said state, deceased, whose said will was proved before the surrogate of the county and city of New York, on the twenty-eighth day of July, A. D. 1806, and of whose goods, chattels, rights, credits, within the state of Massachusetts, administration has since also been granted by the judge of probate, &c. within and for the county of Suffolk, in said state of Massachusetts, to the said John Dodge, as by the letters of administration, bearing date the 9th day of April, A. D. 1827, will fully appear, &c.: That, in the month of November, in the year of our Lord eighteen hundred and three, the said testator, Unite Dodge, then a resident merchant of Cape François, in the island of Saint Domingo, remitted, by letters to James Perkins, who has since deceased, and Thomas H. Perkins, who sur-

------

[1] [Reported by William P. Mason, Esq.]

vives, both of Boston aforesaid, in the state of Massachusetts, citizens thereof, merchants, constituting the commercial house or copartnership of J. & T. H. Perkins, three bills of exchange." The defendant filed his answer, excepting, in the first place, to the jurisdiction of the court, and averring, that John Dodge, the plaintiff, and the defendant, were both citizens of Massachusetts at the commencement of the suit, &c. and denying also, that Unite Dodge was, at his decease, a citizen of the state of New York, or that any administration had been taken upon his estate in Massachusetts, and prayed an inquiry into these facts; and then insisting on the objections, proceeded, as if the court had overruled the objection to the jurisdiction, to state the defence upon the merits at large. The cause came on for argument, upon a motion made by the plaintiff for an order of the court, that the defendant should pay a certain sum of money into court, which he admitted, in his answer, to be due from him, as surviving partner to the estate of Unite Dodge, when a doubt was suggested by the court, whether it had any jurisdiction in the case.

The point of jurisdiction was accordingly argued by Mr. Saltonstall for the plaintiff, and by Mr. Gardiner for the defendant. The former cited [Browne v. Strode] 5 Cranch [9 U. S.] 303; [Chappedelaine v. Dechenaux] 4 Cranch [8 U. S.] 306; and [Sere v. Pitot] 6 Cranch [10 U. S.] 332.

STORY, Circuit Justice. It is very clear, that this court cannot maintain jurisdiction over this cause, unless the averments in the bill bring the case within such a description of persons as the act of congress contemplates to give jurisdiction to the circuit court. But before I proceed to consider the objection which has been raised, it is proper to observe, that the mode of proceeding in this case, and the manner in which the exception to the jurisdiction is brought forward by way of answer, is wholly irregular. Where the want of jurisdiction is apparent upon the face of proceedings, from a defective statement of the citizenship of the different parties, it is fatal at all times, and may be insisted upon by way of motion or otherwise, in any stage of the cause, and even upon an appeal. But where the citizenship is properly averred in the bill, but the objection meant to be insisted on is the denial of the fact of citizenship, or the allegation of a citizenship, which would oust the jurisdiction, in such case the objection should be taken by way of plea, and confined to that point, and not by way of answer. A general answer admits, that the plaintiff is rightfully in court, and assumes, that the court have jurisdiction over the parties to hear and dispose of it according to the principles of a court of equity. How then can a cause be put at issue upon a general answer, which denies the jurisdiction of the court over the parties, and at the same time insists upon the merits? Before the court can proceed to entertain any question upon the merits, it must know, that it possesses the proper jurisdiction over the parties. It is plain, therefore, that the question, as to the citizenship of the parties, must be preliminary in its nature; and the exception must be taken by way of plea, and not by way of general answer inter alia. In this case I should feel it my duty to give the defendant a right to withdraw his answer and to put in a plea, if the posture of the cause hereafter should render that course desirable to him.

Then as to the point of jurisdiction. It is not stated in the bill, what is the citizenship of the plaintiff himself. The only description of him is in his capacity as executor of Unite Dodge, whose citizenship in New York is averred; and the citizenship of the defendant in Massachusetts is also averred. The suit, if it can be maintained at all, can be maintained only in virtue of the citizenship of Unite Dodge, deceased, and even his citizenship is denied in the answer. The judiciary act of 1789, c. 20, § 11 [1 Stat. 78], gives the circuit court jurisdiction of suits of a civil nature at common law, or in equity, &c. (among other cases) where "an alien is a party, or the suit is between a citizen of the state, where the suit is brought, and a citizen of another state." If John Dodge, the plaintiff, had been stated in the bill to be (what the answer avers him to be) a citizen of the state of Massachusetts, the suit would clearly not be maintainable; for though he sues in a representative capacity, yet he sues in his own right as a citizen. No suit can be maintained in the circuit court upon the ground, that the deceased was a citizen of another state, for the deceased is not a party to the suit. By his death he has lost all power to institute, or carry on a suit; and in no correct sense is he to be deemed a party or citizen of any state. This is the clear result of the decisions of the supreme court. In Chappedelaine v. Dechenaux, 4 Cranch [8 U. S.] 306, the plaintiffs sued as French subjects and aliens, in their respective characters of administrator and residuary legatee of one Chappedelaine, deceased, who was a citizen of Georgia, and the defendant was a citizen of Georgia, and was sued as executor of Dumoussay, also a citizen of Georgia. The court held, that the jurisdiction was maintainable, notwithstanding both of the parties deceased, in whose right the controversy was carried on, were citizens of the same state. The plain ground was, that the present controversy was between aliens and a citizen. Browne v. Strode, 5 Cranch [9 U. S.] 303, is not inconsistent with this decision; for there the real plaintiff was an alien, and alive; and the nominal plaintiffs only sued officially for his benefit. The case of Sere v. Pitot, 6 Cranch [10 U. S.] 332, turned entirely upon a different question, and was brought within the proviso of the 11th section of the act of

1789, c. 20, respecting assignments. How the case would have been, if it had clearly appeared by the averments in the bill, that none but heirs and legatees had any interest in the suit, and were all aliens or citizens of another state, and the executor was merely a nominal party. I give no opinion. That is not the case before us. This is to all legal intents a suit between John Dodge and Thomas H. Perkins, and the citizenship of these parties decides the question of jurisdiction. If that be defectively stated, the jurisdiction cannot be sustained. Under these circumstances the present motion cannot be entertained by the court. But the parties may have leave to amend; the plaintiff to amend his bill, as he shall be advised, and the defendant to withdraw his answer, and, if necessary, to file a plea. Motion denied.