Blair v. West Point Manufacturing Co.

A. F. BLAIR AND GEORGE W. CRESSMAN, PLAINTIFFS IN ERROR, v. WEST POINT MANUFACTURING COMPANY, DEFENDANT IN ERROR.

1. **Practice:** SERVICE ON DEFENDANT. Before service by publication, or personal service of the summons out of the state, can be made, an affidavit must be filed with the clerk of the court, setting forth that service of the summons cannot be made in the state on the defendant or defendants to be served, and that the case is one of those mentioned in section 77 of the civil code.

2. ———: AFFIDAVIT. An affidavit should show on its face that it was taken within the officer's jurisdiction.

3. **Removal of Cause to United States Circuit Court.** Where a petition for the removal of a cause from the state court to the circuit court of the United States, in connection with the pleadings, fails to show that the cause is removable, it is not error for the court to deny the application.

4. ———: JURISDICTION. In cases arising under the constitution, laws, and treaties of the United States, the *subject matter* gives the jurisdiction without regard to the citizenship of the parties. But when questions of that character are not involved, it is the citizenship of the parties alone that confers the jurisdiction, and it must appear on the face of the record that the citizenship of the parties supports the jurisdiction.

5. ———: ———. Where a petition is filed to remove a cause on the ground that it is between citizens of different states, and the facts stated in the petition are denied by answer, the court has authority to examine the grounds upon which it is sought to oust it of jurisdiction, and it is the proper tribunal to make the examination.

6. ———: ———. The authority of congress to impose duties on the state courts, or otherwise to act directly upon them, may well be questioned.

7. ———: ———. In cases where jurisdiction can only be acquired by reason of the parties being citizens of different states, the circuit court cannot entertain jurisdiction if it appears that the action is between citizens of the same state; such judgment would be void.

8. ———: POWER OF DISTRICT COURT. Where an application to remove a cause is in proper form, and the facts are such as bring the case within the provisions of the law for the removal of causes, it is the duty of the district court to proceed no further in the case, and should it do so, this court will correct the error and order the cause certified to the circuit court.

9. **Pleading:** ANSWER. A party may be permitted to answer upon such terms as to the payment of costs as may be prescribed by the court, at any time before judgment is rendered, and where it is apparent that he has a meritorious defense, the court must permit the answer to be filed.

ERROR to the district court for Cuming county. Tried

below before VALENTINE, J. The facts necessary to an understanding of the points passed upon by the court appear in the opinion.

*John D. Howe* and *Stevenson & Fraris*, for plaintiffs in error.

1. When the jurisdictions of the state and federal courts are concurrent, as here, the jurisdiction of the courts of that judicial system which first attaches is exclusive, and the decision of the court first obtaining possession of the cause is final and conclusive. It is believed that the decisions of both state and federal courts are agreed upon this proposition. 4 Am. Law Reg. (O. S.), 49. *Sifford v. Beatty*, 12 Ohio St., 189. *Taylor v. Carryl*, 12 Harris (Pa.), 259. *Spinning v. Brown*, 2 Disney, 336, 445, 373. *Adams v. Adams*, 7 Ohio St., 84. *Ex parte Bushnell*, 8 Ohio St., 599. *Merrill v. Lake*, 16 Ohio, 374, 405. *West v. Morris*, 2 Disney, 415. *Keating v. Spink*, 3 Ohio St., 105, 120. *Riggs v. Johnson County*, 6 Wall., 166. *Schuyler v. Pelissier*, 3 Edw., Ch., 191. *Mead v. Merrit*, 2 Paige, Ch., 402. *Hagan v. Lucas*, 10 Pet., 400.

2. When the petition and bond were filed in the court the jurisdiction of the court was *ipso facto* ousted, and all of its proceedings thereafter were *coram non judice*. It was error in the court to enter a default or to further act. *Berry v. C. R. I. & P. Co.*, Central Law Journal, vol. 5, p. ——. 2 Central Law Journal, 616, 679, 630, 290. *Cook v. Ford*, 4 Central Law Journal, p. ——. 7 Chicago Legal News, 241. 2 Central Law Journal, p. 275. 10 Chicago Legal News, No. 6. Dillon on Removal of Causes, 33. *Herryford v. The Ætna Insurance Co.*, 42 Mo., 151. *Stevens v. Phœnix Ins. Co.*, 41 New York, 149. *Kanouse v. Martin*, 15 How., 198. *Gordon v. Longest*, 16 Pet., 97. *Ins. Co. v. Dunn*, 19 Wall., 215. *French v. Hay*, 22 Wall., 250.

3. It was an abuse of discretion to refuse to open the default. Puterbaugh's Ch. Pl. & Pr., 90. *Scales v. Laber*, 51 Ill., 232. *Wooster v. Woodhull*, 1 Johns. Ch., 539. *Parker v. Grant*, 1 John. Ch., 630.

4. The petition and bond for removal were sufficient, but the application was overruled. This was error.

*Crawford & McLaughlin,* for defendant in error.

1. The question whether or not a default shall be opened, rests in the discretion of the court, and where this is not abused the supreme court will not interfere. *Orr v. Seaton*, 1 Neb., 107. *Rogers & Tallman v. Cumings*, 11 Iowa, 459. *Clarke v. Hedge & Heaton*, 10 Iowa, 528. *McNulty v. Everett & Morse*, 17 Iowa, 481. *Bolander v. Atwell*, 14 Iowa, 35.

2. The court held, and very properly we think, that the application to transfer the jurisdiction to the United States court, came too late. That a trial was had and a decree entered without questioning the jurisdiction of the court, or in any manner bringing to its notice that any proceedings had been filed for removal, and that thereby the plaintiff had waived all rights he may have had to insist that the cause was by such bond and petition transferred. *Home Ins. Co. v. Curtis*, 32 Mich., 402. *McCallon v. Waterman*, 4 Central Law Journal, 413.

3. It is an exploded doctrine, if it ever did exist, that the mere filing of a petition and bond is a removal *ipso facto*. *Armory v. Armory*, 95 United States Supreme Court, 186. If the filing of a petition and bond is not of itself a removal of the cause, then something else must be done by the party seeking the removal. The attention of the state court must be called to the fact before entering upon the trial, on the merits, or before default, and then the court may inquire into the

sufficiency of the petition and bond.  If sufficient, and the attention has been called to it within the proper time, it is then the duty of the court to accept the petition and bond and proceed no further in the case.  If not sufficient, or if its attention is not called to the fact until the trial has been commenced upon its merits, or a default has been entered, then it is the duty of the court to disregard the application for removal and retain its jurisdiction.  *Home Insurance Co. v. Curtis, supra. Armory v. Armory, supra.  Indianapolis R. R. Co. v. Risley*, 50 Ind., 60.  We have not examined authorities cited by counsel in support of the proposition that the filing of the petition and bond, *ipso facto*, ousts the jurisdiction of the state court; suffice it to say, that if all those authorities do sustain the proposition, it is not the law, and they have each and every one of them been overruled by the supreme court of the United States in the case of *Armory v. Armory* above referred to.

MAXWELL, J.

On the third day of May, 1877, the defendant in error filed a petition in the district court of Cuming county against the plaintiff in error, and one George W. Cressman, alleging that they claimed some interest in lots 3 and 4 in block 4, in the town of West Point, and praying that the title might be quieted in the plaintiff.  Summons was duly issued thereon, returnable on the fourteenth of May, requiring the defendant therein to answer on the fourth day of June, 1877.  The sheriff appointed one Samuel Miller to serve the writ.

Miller made his return under oath, stating that he summoned the within named defendants, by delivering a certified copy of the summons, with the endorsements thereon, to the said George W. Cressman, on the ninth

day of May, 1877, and to the said A. F. Blair, on the
eighth day of May, 1877. There is no venue stated in
the affidavit. The defendants made a special appearance,
and moved to quash the service of the summons, assign-
ing various reasons therefor. The motion was over-
ruled, to which the defendants in the court below ex-
cepted.

On the fourth day of June, 1877, a petition and bond
for the removal of the cause to the circuit court of the
United States were duly filed.

On the next day a default was taken against Blair and
Cressman, which on the same day they moved to set
aside, and asked leave to answer. The proposed an-
swer set forth that Cressman, on the sixth day of No-
vember, 1876, filed a mechanic's lien on said lots for
work and labor and for machinery furnished to the
plaintiff (defendant in error) under a contract, and that
there was due thereon the sum of $5,686.77; that after
filing said lien, said Cressman assigned the same to
Blair; that prior to the commencement of this action he
had commenced an action in the circuit court of the
United States to foreclose said lien, and that said cause
is now pending in said court.

On the ninth day of June, 1877, the motion to set
aside the default and permit Blair and Cressman to an-
swer was taken up. The motion was sustained as to
Cressman and overruled as to Blair.

A decree was thereupon rendered against Blair, the
court finding: "That the defendant A. F. Blair hav-
ing failed to answer or demur to the petition of the
plaintiff herein filed, the court further finds that said
defendant * * * nor any one for them have any
estate in or are entitled to the possession of said real
estate, or any part thereof." The defendants in the
court below were perpetually enjoined from claiming an
interest in the property.

On the same day in which the decree was rendered the motion to remove the cause to the circuit court of the United States was taken up and overruled, upon the ground of the insufficiency of the petition and bond.

Section 81 of the code of civil procedure provides : " In all cases where service may be made by publication, and in all other cases where the defendants are non-residents, and the cause of action arose in this state, suit may be brought in the county where the cause of action arose, and personal service of the summons may be made out of the state by the sheriff, or some person appointed by him for that purpose."

In all cases where service of a summons is made on a person without the state, proof of such service must be made by affidavit.

It is clearly shown by the record that the defendants in the court below were non-residents of this state. It also appears that the case is one that falls within the fourth sub-division of section 77 of the code, in which service may be made by publication, or by personal service of the summons out of the state. But before service can be made by publication, or by personal service of the summons out of the state, an affidavit must be filed setting forth that service of summons cannot be made within the state on the defendant or defendants to be served, and that the case is one of those mentioned in section 77. No affidavit was filed in this case, therefore there was no valid service of the summons. *Fiske v. Anderson*, 33 Barb., 75. *Litchfield v. Burwell*, 5 How., Pr., 341. 1 Code Rep., N. S., 41. *Morrell v. Kimball*, 4 Abbott Pr., 352.

The objection, that the affidavit of service of the summons has no venue, is well taken. An affidavit should show upon its face that it was taken within the officer's jurisdiction. The motion to quash, therefore, should have been sustained.

After the motion to quash the service had been over-ruled, the plaintiffs in error entered a general appearance, and filed the petition and bond to remove the cause to the circuit court of the United States. On the next day a default was taken against them, while the application to remove the cause was pending and undisposed of. It is remarkable that no effort was made by • the plaintiffs in error to have the court pass upon the petition for the removal of the cause, before attempting to have the default set aside. No particular objection to either the petition or bond filed for the removal of the cause has been pointed out, and they appear to be sufficient. But in case of the refusal of the state court to accept the petition and bond, if the cause thereafter proceeds to trial and final judgment, such judgment is not void, but voidable. And where the petition for removal, in connection with the pleadings, fails to show that the cause is removable, the judgment will not be erroneous. *Gordon v. Longest,* 16 Pet., 97. *Insurance Co. v. Dunn,* 19 Wall., 214. *Kanouse v. Martin,* 14 Howard, 23; Id., 198. *Stevens v. Phœnix Ins. Co.,* 41 N. Y., 149. *Holden v. Putnam Fire Ins. Co.,* 46 N. Y., 1. *Savings Bank v. Benton,* 2 Metc. (Ky.), 240. Dillon on Removal of Causes.

We are aware that there are a number of cases which hold that after a proper application to remove a cause has been refused by a state court, all subsequent proceedings therein are without jurisdiction and therefore void. *Herryford v. Ins. Co.,* 42 Mo., 151. *Akerly v. Vilas,* 1 Abb. U. S., 284. 1 Bissell, 110. *Fisk v. U. P. R. R.,* 6 Blatchf., 362. Id., 8, 243. *Stevens v. Phœnix Ins. Co.,* 41 N. Y., 149. Dillon on Removal of Causes. But these decisions do not meet with our approval.

Section one, of article III, of the constitution of the United States provides that: "The judicial power of the United States shall be vested in one supreme court,

and such inferior courts as the congress may from time to time ordain and establish."

Section two, of article III, provides that: "The judicial power shall extend to all cases in law and equity arising under the constitution, the laws of the United States, and treaties made by their authority; to all cases affecting ambassadors or other public ministers and consuls; to all cases of admiralty and maritime jurisdiction; to controversies to which the United States shall be a party; to controversies between two or more states; between a state and citizens of another state; between citizens of *different* states; between citizens of the same state claiming land under grants of *different* states; and between a state or the citizens thereof and foreign states, citizens, or subjects."

This prescribes the extent of the authority of the United States courts, beyond which Congress cannot authorize them to act, and jurisdiction assumed by them outside of these limits is without authority of law.

In *Turner v. The Bank of North America*, 4 Dallas, 8, the supreme court of the United States say: "The circuit court is a court of limited jurisdiction, and has cognizance of only a few cases specially circumstanced, and a fair presumption is, that a cause is without its jurisdiction until the contrary appear."

In cases arising under the constitution, laws, and treaties of the United States, the *subject matter* gives the jurisdiction without regard to the citizenship of the parties. But when questions of that character are not involved, it is the citizenship of the parties *alone* that confers the jurisdiction. And it must appear on the face of the record that the citizenship of the parties supports the jurisdiction. *Course v. Stead*, 4 Dallas, 22. *Montalet v. Murray*, 4 Cranch, 46. *Hodgson v. Bowerbank*, 5 Id., 303. *Sullivan v. The Fulton Steamboat Co.*, 6 Wheat., 450. *Dodge v. Perkins*, 4 Mason, 435.

Where a petition is filed to remove a cause on the ground that it is between citizens of different states, and the facts stated in the petition are denied by answer, may the court not hear testimony to determine whether the allegations of the petition are true? The question to be determined is one of fact, and in no manner depends on the construction to be given any law of the United States.

The court having obtained jurisdiction of the subject matter and the parties, no valid objection can be urged against its examining the grounds upon which it is sought to oust it of its jurisdiction. And it is the proper tribunal to make the examination.

The act of congress of March 3, 1875, assumes to take from the state courts this power.

In *Hadley v. Dunlap*, 10 Ohio State, 9, the supreme court of Ohio say: "As the state courts do not derive their powers and jurisdiction from the federal government, the authority of congress to impose duties upon such courts, or otherwise to act directly upon them, may well be questioned."

These views of the supreme court of Ohio meet our approval. Suppose the circuit court of the United States should assume jurisdiction in a case between citizens of the same state, where jurisdiction could only be acquired by reason of the parties being citizens of different states, its judgment thereon would be absolutely void. 1 Paine C. C., 486, 498. *Jackson v. Twentyman*, 2 Peters, 136.

Where, however, the application is in the proper form and the facts are such as 'to bring the case within the provisions of the law for the removal of causes, it is the duty of the district court to proceed no further in the cause. And should it do so, this court will correct the error, and order the cause certified to the circuit court.

The act of March 3, 1875, requires the application

for removal to be made before or at the term at which the cause could be first tried, *and before the trial thereof.*"

In the case at bar the application to remove the cause appears to have been filed at the proper time, but it does not appear to have been brought to the attention of the court until after the motion to set aside the default and to permit the plaintiffs in error to answer had been overruled and a decree had been entered in favor of the defendant in error. The plaintiffs in error make no explanation of the cause of their failure to call up the application for removal, and they appear to have voluntarily submitted to the jurisdiction of the court.

The court should have set the default aside and permitted the plaintiffs in error to answer. A party in default may be permitted to answer upon such terms as to the payment of costs as may be prescribed by the court, at any time before the judgment is rendered. And where it is apparent that the party in default has a meritorious defense to the action, the court must permit the answer to be filed. The court cannot deprive a suitor of a substantial right under the plea of the exercise of discretion. *O'Dea v. Washington Co.*, 3 Neb., 122. *Mills v. Miller*, Id., 95.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.