PATRICK HAGGERTY, PLAINTIFF IN ERROR, V. SAMUEL
A. WALKER, DEFENDANT IN ERROR.

1. **Default:** ANSWER. Unless a default is caused by the gross
   laches of a defendant, or his authorized attorney, he should be
   permitted to answer upon such terms as to the payment of costs
   as may be prescribed by the court, at any time before judgment
   is rendered; and where it is apparent that the answer presents a
   meritorious defense, the court must permit the answer to be
   filed.

2. **Practice in Supreme Court:** CORRECTING RECORD.. The
   affidavit of the clerk of the district court cannot be resorted to
   for the purpose of correcting a transcript of the record certified to
   by him. If a false or erroneous record is certified to by him it
   should be corrected by a certified transcript of the record as it is.

3. **Answer** examined, and held to state a defense.

ERROR to the district court for Holt county. Tried
below before TIFFANY, J.

*Thurston & Hall* and *H. M. Uttley*, for plaintiff in error.

*Thomas O'Day*, for defendant in error.

REESE, J.

This action was instituted for the purpose of recovering
the amount alleged to be due upon a promissory note. An
order of attachment was issued and the property of plain-
tiff in error levied upon. It appears that on the 17th day
of February, 1886, a motion to discharge the attachment
was submitted to the district court, and on the 19th of
the same month the motion was sustained and the attach-
ment dissolved. A motion for security for costs was filed
by plaintiff in error—but on what date we are not informed
—and on the 26th day of February the motion was heard,
but the necessary security having been given it was over-

ruled. On the same day, and in the absence of the attorney for plaintiff in error, a default was entered. On the 27th an answer was filed and with it a motion to set aside the default, and an affidavit of plaintiff in error showing his reliance on his attorney, his absence from court, and the *bona fides* of the defense pleaded in his answer. The motion to set aside the default was overruled and judgment rendered.

It further appears that subsequently a supplemental motion to set aside the judgment was made and was also overruled. A question arises as to whether an exception was taken to the ruling on this last motion. The record shows such to be the fact. An affidavit of the clerk is filed by which it is shown that no exception appears upon the court records.

Without stopping now to enquire whether or not an exception to this last order was essential to a review, we must hold that the certificate of the clerk to the transcript, which shows an exception, cannot be contradicted by the affidavit of the same officer. He is the custodian of the record; if an imperfect record is filed in the first instance the proper method of correcting it is by a perfect one, authenticated by the proper certificate. Sec. 408, Civil Code.

In *Blair v. West Point Manufacturing Company*, 7 Neb., 146, an application to set aside a default and permit a defendant to answer was overruled by the district court. In reviewing the case the court, by the present Chief Justice, says: "The court should have set the default aside and permitted the plaintiffs in error to answer. A party in default may be permitted to answer upon such terms as to the payment of costs as may be prescribed by the court, at any time before the judgment is rendered. And where it is apparent that the party in default has a meritorious defense to the action, the court must permit the answer to be filed. The court cannot deprive a suitor of a substantial right under the plea of the exercise of discretion." Citing *O'Dea*

*v. Washington County*, 3 Neb., 122; *Mills v. Miller*, Id., 95.

In *Clutz v. Carter*, 12 Id., 113, a default had been entered for want of an answer, followed by a trial and judgment in the absence of the defendant. In a review of the order of the district court refusing to set aside the judgment, Judge COBB, in writing the opinion, says: "It is the spirit and policy of the law to give every party an opportunity to prosecute or defend his case in court, and courts will never deny such right except for the fault or gross laches of such party or his authorized attorney."

In the case at bar the default was entered on the same day the motion for security for costs was heard and decided. On the next day, and before judgment, the answer was filed and with it the affidavit of plaintiff in error and his motion to set aside the default. If the answer stated a defense the issues presented should have been tried. If any delay or expense was occasioned, the proper terms as to payment of costs should have been imposed in the discretion of the court.

The answer as shown by the abstract presented the defense that there was nothing due on the note upon which the suit was brought; that A. N. Shuster & Co., the payees, at the time the note was given, agreed with defendant that, if he would give the note for the amount expressed upon its face, they would forward him goods to the amount of $3,000, to make good certain overcharges and offsets claimed by him, growing out of previous transactions in the purchase of merchandise of them by him, but that they had failed so to do, to his damage, etc.; that plaintiff took the note without consideration, after maturity, and with full knowledge of all the facts connected with its execution and of his rights as against it. He demanded his set-off.

If Shuster & Co. actually owed plaintiff in error $3,000, as alleged, and procured his note for their claim, upon the promise that they would pay the $3,000 by a shipment of

goods, and had failed to comply with their agreement—he not being at fault—he would have been entitled to his defense as against them. The fact, if true, that defendant in error received the note without consideration, after maturity, and with knowledge of plaintiff's rights, would not deprive him of this defense.

Under the rule stated in the cases above cited the default should have been set aside, and the issue presented should have been tried.

The judgment of the district court is reversed, the default set aside, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.

| 21 | 599 |
| 32 | 87 |

| 21 | 599 |
| 34 | 686 |
| 35 | 572 |

| 21 | 599 |
| 38 | 669 |
| 39 | 358 |

| 21 | 599 |
| 51 | 37 |

| 21 | 599 |
| f58 | 763 |

| 21 | 599 |
| 59 | 696 |
| 59 | 697 |