BANGS et al. **v.** LOVERIDGE.

(Circuit Court, D. New Jersey. March 27, 1894.)

1. FEDERAL COURTS—JURISDICTION—CITIZENSHIP.

In a suit against an administrator there must be diversity of citizenship between him and the complainant; and the fact that his decedent possessed the requisite citizenship at the time of the transactions giving rise to the suit, and at the time of his death, is immaterial.

2. LACHES—PLEADING—DEMURRER.

A bill against an administrator alleged that complainants loaned money to defendant's decedent upon his representation that he owned certain lands in New Jersey, and his promise to give a mortgage thereon; that he never gave the mortgage, and in fact did not own any such lands; and that this fact was not suspected by complainants until the filing of the bill, ten years after the loan was made. By the New Jersey statute the claim was barred in six years, and there was no allegation of a subsequent promise. *Held* that, as title is a matter of record in New Jersey, so that a single inquiry would have disclosed the fraud, complainants were so

manifestly guilty of laches as to require a dismissal of the bill upon demurrer; and, furthermore, that the allegations in respect to the discovery of the fraud were too vague to sustain the bill.

This is a bill by George P. Bangs and others against James W. Loveridge, administrator of the estate of Henry Loveridge, to enforce payment of a claim for $2,000.

F. C. Woolman, for complainants.

Vredenburgh & Garretson, for defendant.

GREEN, District Judge. This bill was filed to enforce, if possible, the payment by the defendant, as administrator of Henry Loveridge, deceased, of the sum of $2,000, with arrears of interest, alleged to have been loaned by the complainants to Henry Loveridge in his lifetime. It seems from the allegations in the bill of complaint that in August, 1881, Henry Loveridge borrowed of the complainants the sum of $2,000, and as an inducement to the complainants to make the loan, and to secure the payment thereof, agreed with the complainants to make, execute, and deliver to them a mortgage upon certain real property at Orange, in this state, which he claimed to own; that in fact Loveridge did not, at the time he made the agreement, own or hold the title to any property at Orange, and therefore did not fulfill his agreement; that nothing seems to have been done by the complainants in the matter until May 1, 1891,—nearly ten years after the making of the loan,—Henry Loveridge having, in the mean time, died, when they filed with the present defendant, who had been appointed administrator of Henry Loveridge, a claim, duly verified, for the sum due. This claim the administrator refused to pay, and so notified the complainants, upon the ground that it was barred by the statute of limitations, more than six years having elapsed since the money had been borrowed, and the promise to secure the payment of the same by a deed of mortgage had been made. The complainants then filed their bill of complaint in this court, setting up the facts as stated, alleging fraud in the inducing statements of Loveridge, and praying that the defendant "be directed to pay from the funds in his possession belonging to the estate of Henry Loveridge, deceased, the full amount of said loan, with interest from August 31, 1881." To this bill of complaint the defendant has filed a demurrer.

The first question raised by the demurrer goes to the jurisdiction of the court. The defendant insists that there is no proper allegation in the bill showing that the suit is between citizens of different states. This objection is well taken. The complainants describe themselves as citizens and residents of Massachusetts, but they make no allegation whatever as to the citizenship, nor, for that matter, the residence even, of the defendant. They do allege, indeed, that the defendant's intestate, Henry Loveridge, was at the time of the transaction referred to, and at the time of his death, a resident and citizen of New Jersey; but such allegation does not confer ju-

risdiction upon this court. The test of jurisdictional authority is to be found in the citizenship of the parties who are actually before the court; and, if either of such parties sue or is sued in a representative capacity, his own citizenship, and not the citizenship of him whom he represents, is the determining factor. Coal Co. v. Blatchford, 11 Wall. 172. As the sole ground for the jurisdiction of this court in the present case is based upon diversity of citizenship, the failure to spread upon the record averments of facts necessary to show such diversity is fatal upon demurrer. It is possible, however, that it lies in the power of the complainants to cure this defect in their case by amendment.

I will therefore consider the next ground of demurrer, which is that it appears upon the face of the bill that the debt in question is barred by the statute of limitations. The loan which is the basis of this suit was made in August, 1881. No demand for payment seems to have been made until May, 1891. There is no allegation in the bill that Henry Loveridge, in his lifetime, ever promised a payment after the loan was made. The statute of New Jersey provides "that all actions of debt founded upon any lending or contract without a specialty, and all actions for accounts, and upon the case shall be commenced and sued within six years next after the cause of such action shall have accrued, and not after." Clearly, the action for money loaned by the complainants is barred, and they could not maintain an action at law to recover it. Nor can they successfully call to their aid the assistance of a court of equity. It is true that the complainants charge fraud on the part of Henry Loveridge in his claim of ownership to certain lands, and assert that they were not cognizant of the fraud until after the filing of their original bill in this court; but such allegations alone do not relieve them of laches, nor give them the right to override the statute of limitations. A party seeking to avoid the bar of the statute on the ground of fraud must aver and show that he used due diligence to detect the fraud, and, if he had the means of discovering it, he will be held in equity to have known it. The fraud in this transaction consisted in a statement of Henry Loveridge that he had title to lands in New Jersey, upon which he would give a mortgage to the complainants to secure a loan, when in fact he did not have title to the lands referred to. Title is a matter of record in New Jersey. Such records are public, and open to the inspection of every one. A simple inquiry of the officer who has the custody of those records would have informed complainants whether the statement of Henry Loveridge was true; but for nearly ten years the complainants have lain by without taking one step to find out the facts. For ten years they have permitted a loan to remain outstanding and unpaid, without demanding the collateral which they now insist they were to receive as security,—without doing anything, indeed, which would inform them as to the ability of the borrower to fulfill his agreement. Such laches must weigh heavily against those so indifferent as to be guilty of it. Stale demands are not favored in courts of equity. It might well be said, also, in respect to this branch of the case, that the allegations and state-

ments of the bill as to the discovery of the fraud are extremely vague, and very far from complying with the rule which obtains in respect thereto in equity pleading. The averments in the bill are as follows:

"And your orators further charge and aver that your orators were not aware, until after the filing of the original bill of complaint in this case, that the said Henry Loveridge was not, and never had been, the owner, in fee, of the premises in Orange, but thought and hoped that the said Henry Loveridge had, during his lifetime, executed the bond and mortgage, the promise to do which had induced your orators to advance the money as aforesaid. Your orators therefore expressly charge and aver that such sum of $2,-000 was obtained by the said Henry Loveridge from your orators by fraudulent representations, and that such fraud was not ascertained or suspected by your orators until after the death of the said Henry Loveridge and the filing of the original bill in this case, and that by reason of such fraud the said sum of $2,000 and large arrears of interest are still due and owing unto your orators, notwithstanding the period elapsed, as such fraud was not discovered by your orators until a period within the statute of limitations."

In cases of this character the complainants are held to strict rules of pleading; and especially must there be definite averments as to the time when the fraud, mistake, concealment, or misrepresentation was discovered, and what the discovery really is, so that the court may clearly see whether, by ordinary diligence, the discovery might have been made before. A general allegation of ignorance at one time, and knowledge at another, are of no effect. The discovery of fraud, if made, should be given with full particulars, including the time of discovery, what the discovery was, how it was made, and why it was not made sooner. Wood v. Carpenter, 101 U. S. 141, and cases cited. In all these respects this bill of complaint is deficient and faulty. Nor do the allegations of the bill afford any reason for disregarding the effect of the statute as pleaded. When the case, as presented by the bill of complaint, shows that the claim upon which it is founded is barred by the statute of limitations, advantage of the statute may be taken by demurrer. Bird v. Inslee, 23 N. J. Eq. 363; Bank v. Carpenter, 101 U. S. 567. There must be a decree for the defendant upon demurrer.