SARAH FULTON v. IRA L. RYAN ET AL.

FILED MARCH 21, 1900. No. 9,108.

1. Action on Promissory Note: PLEA OF COVERTURE: REPLY: PLEA OF NECESSARIES FURNISHED: PRELIMINARY JUDGMENT AGAINST HUSBAND: EXECUTION: RETURN NULLA BONA. Where coverture is pleaded by a married woman to defeat a recovery on a promissory note it is proper for the plaintiff to set up in the reply any fact or facts which would avoid such defense, as that the note was given for necessaries furnished the family of the defendant, and that an execution had been issued against the property of the husband, and returned unsatisfied, or that the note was executed with special reference to and upon the faith and credit of the separate estate, trade or business of the wife.

2. **Estate of Wife Not Chargeable.** The separate estate of a married woman is not chargeable for necessaries for the family, until after a judgment has been entered therefor against the husband, and an execution returned unsatisfied.

3. **Instruction: NON-REVERSIBLE ERROR.** A judgment will not be reversed for the refusal of an instruction which withdraws from the jury a material issue raised by the pleadings, and the evidence adduced on the trial.

4. **Transcript: PRESUMPTION OF VERITY: EVIDENCE ALIUNDE.** The transcript of the record of the trial court imputes absolute verity, and can not be contradicted by extrinsic or original evidence in the appellate court.

5. **Objection to Testimony.** An objection to the admission of testimony can not be argued for the first time in the appellate court.

6. **Motion to Exclude Testimony Does Not Lie After Omission to Object.** It is not proper practice to permit a witness to answer a question without objection, and then move to have the testimony excluded.

7. **Contract: ASSENT OF ALL PARTIES.** A contract to be of any binding force must be assented to by all the parties to it.

ERROR to the district court for Gage county. Tried below before STULL, J. *Affirmed.*

*Bush & Bush, A. Hardy* and *T. H. Fulton,* for plaintiff in error:

The plaintiff can recover only on the cause of action set forth in his petition. It is not the province of a reply to introduce a new cause of action. *Warren v. Powers,* 5 Conn., 373; *Durbin v. Fisk,* 16 Ohio St., 533; *School District v. Caldwell,* 16 Nebr., 68; *Reinskoph v. Rogge,* 37 Ind., 207; *Bradley v. Johnson,* 45 N. J. Law, 487.

Counsel for the plaintiff in error argued, upon the foregoing authorities, that the petition in the court below was in the ordinary form upon a promissory note; that the answer, as against the allegations in the petition, stated a good and legal defense. But the reply contained new facts not contemplated by the petition; and, upon the trial of said action in the district court, the contest was almost entirely upon the facts set forth in said reply.

The plaintiff sought to fix the liability of the defendant under the allegation of the reply, that the note in suit was given by the defendant for necessaries furnished defendant, her husband and family. This was a complete departure from the case set forth in the petition.

The law is settled in this state that, unless judgment has been obtained against the husband in such cases and the execution returned unsatisfied, no recovery could be had against the wife.

Plaintiff's evidence entirely fails to refute the allegations of the answer and the evidence of the defendant, showing that the defendant was a married woman, and that the note in suit was not given upon the faith and credit of her separate property and business; and there is a complete failure of consideration.

Upon the question of the misconduct of the court counsel for plaintiff in error cited: *People v. Knapp*, 3 N. W. Rep. [Mich.], 927; Thompson, Trials, sec. 2555 and cases cited in note; *O'Connor v. Guthrie*, 11 Ia., 80.

*Griggs, Rinaker & Bibb, contra,* filed no brief.

NORVAL, C. J.

This action was brought against Sarah Fulton upon a promissory note. The petition was in the usual form for recovery upon such an obligation. The defendant for answer alleged that at the time the note was given she was a married woman; that she received no consideration therefor, and none inured to her separate estate; that in making the same she did not contract with reference to her separate property, nor did she intend to charge the same with the payment thereof; and that said note was not made by her upon the faith or credit of her separate estate, trade or business. Defendant further alleged that at the time the note was given plaintiff held a judgment against her husband in the county court of Gage county, obtained on the indebtedness represented by said note, which said judgment was some months af-

terwards by said plaintiffs satisfied and discharged; that at the time said note was given her husband was sick and absent from home, and during such absence, plaintiffs, by threats to make her trouble and to commence proceedings to take away her property, induced her to execute said note.

In reply it was alleged, substantially, that the judgment mentioned was for necessaries furnished defendant's husband for the use of the family, and that the considera-, tion for said note was the canceling of said judgment, and that said note was made with special reference to the estate of said defendant. There is no allegation in the reply to the effect that, prior to the commencement of this action, an execution was issued on said judgment against the property of the husband, and that the same was returned unsatisfied. Plaintiffs had a verdict and judgment in the court below, from which the defendant comes to this court on proceeding in error. The petition in error contains numerous assignments of error, but, as all those not noticed in the brief are deemed waived, we will confine our investigation to those assignments of which complaint is made in the brief.

It is first claimed that the allegations in the reply constituted a departure in pleading, in that while the petition declared alone on the promissory note, the reply alleged that the same was given for necessaries, and further, that it was given with especial reference to her separate estate. We do not think any departure in pleading occurred. Coverture is a defense, and having been pleaded in answer to the cause of action set forth in the petition, it was proper to aver in the reply any fact that would avoid such defense, as that the consideration for the note was necessaries furnished the family, and that an execution had issued against the property of the husband and had been returned unsatisfied, or that the promissory note was made with special reference to and as a charge upon the separate property of the defendant; and it appears to us that the pleadings followed in log-

ical sequence, and that no departure occurred. That portion of the reply which attempted to avoid the defense of coverture on the ground that the original indebtedness represented by the note was for necessaries, is defective, for the reason that it does not set up the fact that execution against the husband on the indebtedness had been issued and returned unsatisfied for want of property on which to levy. *George v. Edney*, 36 Nebr., 604; *Small v. Sandall*, 48 Nebr., 318. But the other allegation, that the said note was given with reference to the separate property of the defendant, was sufficient to constitute an issue in the case, and was, in our opinion, properly pleaded in the reply to the defense of coverture set up in the answer.

On the trial the following instruction was requested by the defendant, and refused by the court, to which she excepts: "The court instructs the jury that the plaintiff can not maintain this action against the defendant upon the theory that their original account was contracted for necessaries furnished the family of defendant, but charged to her husband J. B. Fulton for that, it is not shown that any execution was ever issued against defendant's husband for such indebtedness and returned unsatisfied; that it is necessary as a condition precedent to maintaining this action, to show that a judgment had been maintained against the husband on account and execution duly issued thereon to the proper officer, and that said execution has been duly returned unsatisfied." We see no error in the refusal of the court to give this instruction. As the pleadings stood, the real issue in the case was, not that the original indebtedness was for necessaries furnished the family, but whether the note was given with reference to the separate property of the wife, which issue the tendered instruction ignored, hence there was no error in refusing the same. It is not reversible error to refuse an instruction tendered which withdraws from the jury a material issue made by the pleadings and evidence.

On the trial the defendant asked the court below to give the following instruction: "9. If the jury believe from the evidence that the plaintiffs or either of them while the husband of the defendant was away from home, called at the residence of the defendant and stated to her that unless she would sign the note in suit, they, the plaintiffs, would commence legal proceeding against her and take away from her her property, and that defendant feared that plaintiffs would carry out such threats and on account thereof, and that only, executed the said note, then the court instructs the jury that there is a failure of consideration for the said note and your verdict must be for the defendant." It is claimed in the brief that this instruction was in fact given by the court, but was marked "refused," and it is argued that the jury, by observing that the same was marked "refused" upon the margin, did not give it the consideration it deserved, and that defendant was thereby prejudiced. The record, however, does not sustain the contention of counsel as set forth in the brief, but shows only that the instruction was offered by defendant, and refused. The transcript imports absolute verity. *State v. Hopewell*, 35 Nebr., 822. Now, the only error predicated upon this instruction is the eleventh specification of error in the petition in error, which is as follows: "11. The court erred in writing on the defendant's 9th instruction on the margin thereof the word refused." As the record shows that the instruction was refused, there was no error in marking on its margin the word "refused," hence no error arose therefrom, and, there being no error predicated on the refusal of the court to give the same, it is not proper to discuss that question.

Defendant alleges that the court erred in overruling her objection to a question asked her by plaintiff's counsel on her cross-examination, relative to the articles claimed to be necessaries sold defendant's husband, which constituted the consideration for the indebtedness against the husband, and upon which the judgment

against him was obtained. The question objected to as incompetent, irrelevant, immaterial and not proper cross-examination was: "Do you remember what the articles of furniture consisted of?" This objection was over-ruled, and an exception was taken, but the record fails to show that the defendant made answer thereto; hence no prejudice resulted from the ruling. The testimony of the witness complained of was given, without objection, in answer to the next succeeding question propounded to her, but, as no objection was at the time made to that interrogatory, error can not be predicated upon the admission of the testimony thereby elicited. An objection to the admissibility of testimony can not be raised for the first time in the appellate court. *Graham v. Frazier*, 49 Nebr., 90.

At the close of the cross-examination of the witness, a motion was made to strike out all evidence relative to the said articles sold to her husband, which motion was overruled. The record discloses no reason why defendant could not have objected to the evidence before it was admitted, and therefore it must be held that by permitting it to go to the jury without objection, she waived her right to have it stricken out. *Palmer v. Witcherly*, 15 Nebr., 98; *Oberfelder v. Kavanaugh*, 29 Nebr., 427; *Haverly v. Elliott*, 39 Nebr., 201; *Brown v. Cleveland*, 44 Nebr., 239.

On her cross-examination the defendant stated that she signed the note in question and sent it to the plaintiffs by her son, and that before she signed it she talked the matter over with him. One of the plaintiffs testified that prior to her signing the note she had a conversation with him in which she stated that she would talk with her son, and that whatever he counseled her to do in the matter she would do. This same witness testified that the son afterwards brought the note to him, and was permitted by the court, over the objections of defendant, to testify to what the son told him relative to the consideration for which his mother was giving the

note. It is claimed that this was error, for the reason that there was no evidence in the record that the son was the agent of the mother in the matter, and as the conversation between this plaintiff and the son was not in the presence of the mother, it was incompetent. As will be noted, there was evidence that the son was the agent of the mother, and the objection was, therefore, properly overruled.

It is further urged that the court erred in permitting one of the plaintiffs, over the objection of defendant, to state upon whose credit he took the note in question. His answer was that it was upon the credit of the defendant. It is argued that the matter of binding the separate estate of a married woman rests upon the intention of the woman alone, and does not depend upon the purpose of the one with whom she contracts. We take it that it is for both the parties to contract. Certainly, a contract would not be binding upon the woman unless she assented that the same should bind her separate property; but we can not imagine how a question on of this nature put to the other contracting parties can be incompetent, or prejudicial to the parties whose separate property is sought to be bound by the contract. Both minds must assent to all contracts before they are binding on the parties; hence this question could not have been incompetent. Had defendant's counsel been apprehensive that the jury might be led astray by the answer to this question, he could have readily obviated it by requesting the court to instruct the jury that it must have also been the intent of the defendant to charge her separate estate with the debt, and the mere fact that plaintiffs took the note on the faith or credit of her separate property was not in itself sufficient to bind such property, but that she must have also intended to so charge her property.

It is further urged that the court below, after the jury retired to deliberate upon their verdict, was guilty of misconduct, in this, that after the court had adjourned

over until the following day, on an agreement that the jury might return a sealed verdict, the judge of the court returned to the court room, about nine o'clock in the evening, and gave them an additional instruction, which is as follows: "Gentlemen of the Jury: If you find for the plaintiff you will ascertain the exact amount due the plaintiff and insert it in the verdict. You have nothing to do with the costs." It is alleged in an affidavit on file that the judge informed the affiant that after he gave the jury this instruction, the jury changed their verdict and brought in another verdict, which the court gave to the sheriff. It is claimed that this constituted misconduct on the part of the court, for which a new trial should be awarded. The record shows that on the following day the jury returned into open court the verdict, on which judgment was rendered; hence it must be assumed that the jury themselves brought in the verdict. We see no action disclosed in the record on the part of the court that would constitute misconduct. The additional instruction given was proper, and there is nothing of record that would disclose that the court sought to influence the jury by any other means than giving this instruction. In said affidavit it is also stated that the sheriff stated to the witness that, after the verdict was handed to him by the clerk of the court, he, the sheriff, laid it upon the desk of the clerk of the court; but this is mere hearsay evidence, and as the record itself discloses that the jury themselves brought in the verdict, we must be governed by the record alone. We see nothing in the evidence offered by defendant which discloses any misconduct on the part of the court prejudicial to the plaintiffs, or to the effect that the court in giving the additional instruction did any thing more than to perform its duty. No prejudicial error being disclosed by the record, the judgment of the district court is

AFFIRMED.