KEELEY INSTITUTE OF KANSAS V. JAMES E. RIGGS ET AL.

FILED OCTOBER 7, 1903. No. 13,181.

1. **Transcript:** DIMINUTION OF THE RECORD. If a transcript filed in this court is incomplete or incorrect in some particular, the appropriate remedy is to procure an additional or corrected transcript, duly certified.

2. ————: WHEN STRICKEN. In case it appears from the transcript filed and a further transcript duly certified, that a party has wilfully filed an incomplete and incorrect transcript or has altered the transcript certified and furnished him, for the purpose of deceiving this court, the transcript will be stricken from the files. *Felber v. Boyd,* 44 Neb. 700.

3. ———: CORRECTNESS: AFFIDAVIT. But this court will not try the correctness or completeness of the transcript upon affidavits, nor require the clerk of the lower court to produce the original record.

ERROR to the district court for Lancaster county: ED-WARD P. HOLMES, JUDGE. Motion to strike transcript from the files. *Motion denied.*

*Robert S. Mockett* and *Orpheus B. Polk,* for plaintiff in error.

*Lorenzo W. Billingsley, Robert J. Greene* and *Richard H. Hagelin, contra.*

POUND, C.

This is a motion to strike a transcript from the files on the ground that it is not a true copy of the record of the district court. It appears that the cause originated before a justice of the peace, and an affidavit is filed setting out that certain specified portions of the transcript of the justice's docket do not appear in the transcript certified to us by the clerk of the district court. On the other hand, an affidavit is filed in which it is stated that the lower court struck this matter from the record as improper and irrelevant. Counsel now ask that the clerk be required to bring the original record to this court for inspection. We find no warrant for any such practice. If a transcript filed in this court is incomplete or incorrect in some particular, the appropriate remedy is to procure an additional or corrected transcript, duly certified. *Haggerty v. Walker,* 21 Neb. 596; *Fulton v. Ryan,* 60 Neb. 9. There is nothing in *Felber v. Boyd,* 44 Neb. 700, relied upon by counsel, which would support a different conclusion. It may be conceded, as held in that case, that where it appears from the transcript filed and a further transcript, duly certified, that a party has wilfully filed an incomplete and incorrect transcript, or has altered the transcript certified and furnished him for the purpose of deceiving this court, the transcript

will be stricken from the files. But in *Felber v. Boyd,* the original transcript showed an omission on its face and the missing portions of the record were properly certified to this court. Such a case differs wholly from the one at bar. We will not try the correctness. or completeness of the transcript upon affidavits, nor require the clerk of the lower court to produce the original record. *Fulton v. Ryan,* 60 Neb. 9; *Crancer & Curtice Co. v. McKinley Music Co.,* 69 Neb. 700. In the *Fulton* case it was said, neither extrinsic nor original evidence would be received to contradict the transcript. We have no concern with the original record. That belongs in the district court. A transcript, duly certified, is the sole means of showing its contents to this court.

We therefore recommend that the motion be denied.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the motion be denied.

MOTION DENIED.