## CHARLES F. FILBRICK, Trustee, Complainant,

*v.*

## MUNICIPALITY OF BAYAMÓN, Dft.

San Juan, Equity, No. 984.

ON MOTION IN THE NATURE OF A DEMURRER TO COMPLAINT.

Jurisdiction.

 1. Where a suit is brought in the name of one who is acting in a representative capacity, it is the citizenship of the representative that controls the jurisdiction, and not that of the beneficiary.

Real Party in Interest—Equity Rules.

 2. Under Rule No. 37 of the new equity rules, an action must be brought in the name of the real party in interest.

Pleading.

 3. Where there are a number of pieces of land mentioned in a bill and only one piece is in controversy, the bill should describe the piece in controversy with sufficient certainty to inform the defendant as to what he is to defend.

Opinion filed November 27, 1916.

*Mr. O. M. Wood* for plaintiff.

*Mr. E. B. Wilcox* for defendant.

HAMILTON, Judge, delivered the following opinion:

To the bill in this cause has been filed an answer, in which is incorporated what has been argued as a motion to dismiss the bill for want of sufficiency in that it fails in three respects to state a cause of action.

1. As to the bill's not stating enough to give the court jurisdiction over the parties, it is sufficient to say that, while there may be a doubt as to the Bayamón Fruit Company, the supposed cestui que trust, this does not prevent the suit by Filbrick from being a good suit. Merely stating that he is trustee for the Bayamón Fruit Company may be a descriptio personæ. But at all events it is his citizenship, and not that of the Bayamón Fruit Company, which controls. In determining the diversity of citizenship, that of representatives of parties becomes material, and the general rule may be stated to be that, where the suit is brought in the name of one who acts in a representative capacity, such as executor, administrator, receiver, or trustee, it is the citizenship of the representative party that controls the jurisdiction, and not that of the beneficiary. New Orleans v. Gaines (New Orleans v. Whitney), 138 U. S. 606, 34 L. ed. 1106, 11 Sup. Ct. Rep. 428; Bangs v. Loveridge, 60 Fed. 965; Susquehanna & W. Valley R. & Coal Co. v. Blatchford, 11 Wall. 172, 20 L. ed. 179; Knapp v. Troy & B. R. Co. 20 Wall. 117, 124, 22 L. ed. 328, 331.

2. The second allegation of the motion seems to be based upon

Filbrick v. Bayamón.

old equity rule No. 49, which has been abrogated by the new equity rules of 1912. The new rule corresponding is No. 37, which requires the real party in interest to sue. The plaintiff in this case says that he is the owner and in possession of. the land in question, and if so he is the real party in interest. His addition of the description, "Trustee for the Bayamón Fruit Company, foreign corporation," is somewhat confusing. The motion will be sustained so far as to compel the plaintiff either to strike out the allegation as to the Bayamón Fruit Company, and so rest upon his own ownership, or to define the character of the trust under which he is acting, so as to develop whether the Bayamón Fruit Company is a party in interest or not. If it is, it should be made a party plaintiff or defendant, as the case may be. If the trust is a nominal one, the allegation should be struck out altogether.

3. The third objection made to the bill is that it fails to describe with sufficient certainty the part of the land which the defendant claims. This is well taken. The bill describes certain pieces of land, says that they make up one tract, and that the "aforesaid parcels of land or some part of them is claimed adversely by the aforesaid defendant, who declares that complainant without right or title entered into possession of a part of the aforesaid group or parcels of land, hereinbefore described, and ejected and ousted the defendant therefrom." This leaves it entirely uncertain what part of the land is in controversy, and does not inform the defendant as to what part he is to defend. The objection, therefore, is well taken.

The proper procedure is to order that the bill be dismissed unless amended within ten days to conform to the above opinion.

It is so ordered.