## Roach's Administrator v. The Ohio National Life Insurance Company, of Cincinnati.

(Decided January 29, 1924.)

## Appeal from Fulton Circuit Court.

1. Removal of Causes—Residence of Administrator Suing, and Not that of those he Represents, Controls in Determining Diverse Citizenship.—In determining diverse citizenship, warranting removal of cause to federal court, it is the residence of the parties actually before the court that gives jurisdiction, and where a party sues in a representative capacity, as administrator for instance, it is his residence, and not the residence of those he represents, that controls.

2. Removal of Causes—Petition Held Demurrable for Not Naming Residence of Representative Plaintiff.—In an action by an administrator against life insurance company on policy written in Kentucky, a petition for removal to the federal court was demurrable, where it showed defendant's residence in Ohio and residence of insured in Tennessee, and plaintiff's qualification as administrator in Tennessee, but did not show the administrator's residence.

3. Removal of Causes—Demurrer to Petition Held Unnecessary to Raise Question of Failure to Show Diverse Citizenship.—Where petition for removal to federal court by defendant in action by administrator on life policy was demurrable for failure to state administrator's residence, it was not necessary to demur to the petition; an objection to the motion for removal being sufficient.

4. Appeal and Error—Presumption as to Regularity of Judgment Not Applicable to Order of Removal.—The presumption in favor of the regularity of a judgment will not be indulged to support an order removing a cause to the federal court which is based alone upon the sufficiency of the pleadings.

5.  Removal of Causes—Duty of Court of Appeals to Decide Appeal
    Based on Insufficiency of Petition for Removal, Notwithstanding
    Right of Amendment in Federal Court.—Notwithstanding that
    Judicial Code, section 274c (U. S. Comp. St., section 1251c), gives
    the right to amend a petition for removal in the federal court, it
    does not relieve the Court of Appeals of the necessity of deciding
    an appeal from an order removing a cause to the federal court
    on a defective petition.

W. J. WEBB and HEBER FINCH for appellant.

HERSCHEL T. SMITH and BETTINGER, SCHMITT & KREIS
for appellee.

Opinion of the Court by Judge McCandless—Reversing.

This is an appeal from an order of the Fulton circuit court removing the above styled action to the United States court for the western district of Kentucky. All formalities for a motion for removal were properly observed and the only question raised on this appeal is as to the sufficiency of the petition.

The sole ground for removal was that of diverse citizenship; as to this it was alleged that the petitioner, the Ohio National Life Insurance Company, of Cincinnati, was "At the beginning of this action and still is a corporation duly incorporated, organized and operating under the laws of the state of Ohio. This action is of a civil nature."

There was no allegation as to the residence of J. A. Colley, the plaintiff in the original action, though in all other respects the petition was sufficient. No demurrer was filed to the petition; the plaintiff in the original action merely objected to the motion and, upon the motion being sustained and the order entered, excepted and prayed an appeal to this court, which was granted.

The original action was brought in the Fulton circuit court to recover on a policy of life insurance issued by the appellee to Wm. M. Roach, deceased; the contract of insurance being written in Fulton, though Roach lived and died in the state of Tennessee, and the plaintiff, now appellant Colley, was qualified as the administrator of Roach's estate in the state of Tennessee, but his residence nowhere appears.

It is the residence of the parties actually before the court that gives jurisdiction, and where a party sues in

a representative capacity it is his residence and not the residence of those he represents that controls.

It is said in Montgomery's Manual of Federal Procedure, section 149:

"The test of jurisdictional authority is to be found in the citizenship of the parties who are actually before the court, and if either of such parties sue, or is sued, in a representative capacity, his own citizenship and not the citizenship of him whom he represents is the determining factor. In a suit against the administrator there must be a diversity of citizenship between him and the complainant, and the fact that his decedent possessed the requisite citizenship at the time of the transactions giving rise to the suit, and at the time of his death is immaterial. It is not material in what state letters testamentary or of administration are granted."

To the same effect are the following cases: Bangs v. Loveridge, 60 Fed. 963; Dodge v. Perkins, Fed. Cas. No. 3954, 4 Mason 435; Susquehanna, etc. R. Co. v. Blatchford, 11 Wall. 172, 20 (L. Ed.) 179; Brisenden v. Chamberlain, 53 Fed. 310; Hess v. Reynolds, 113 U. S. 76; 28 (L. Ed.) 927.

As the residence of Colley was not stated in the petition for removal and as he could be a citizen of Ohio, construing the pleadings most strongly against the pleader, it does not show a diverse citizenship and it was therefore demurrable. C. & O. R. R. Co. v. Banks' Admr., 142 Ky. 747; Stevens v. Nichols, 130 U. S. 230; Fife v. Whittell, 102 Fed. 537; Armory v. Armory, 95 U. S. 186; Power v. Ry. Co., 169 U. S. 92.

Clearly the petition for removal was insufficient in this particular. It is objected that no demurrer was filed to the petition for removal. We do not think this necessary; a demurrer would have been proper, but the appellant was not required to file such demurrer, and it was equally proper practice for him to submit the motion on the defective petition.

It is further urged that as the judgment has been entered presumption in favor of its regularity will be indulged. This is true as to final judgments, but it is hardly applicable to an order of this character, which is based alone upon the sufficiency of the pleading.

If the original petition had shown Colley's residence it might be that the court would construe that as a part of the record, but such is not the case.

It is true that section 274c of the Judicial Code gives the right to amend the petition for removal in the federal court, and we may surmise that on a motion to remand, if the facts warrant it, that court will permit the defect to be supplied, in which event the proceedings in this court would affect only the question of cost, but that does not relieve us of the necessity of deciding the case before us.

Wherefore, judgment is reversed and cause remanded for proceedings consistent with this opinion.